UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUNDERSEN LUTHERAN MEDICAL CENTER, INC. <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary of Health and Human Services, <br><br> Defendant. | Case No. 1:06CV02195 (RWR) |

**DEFENDANT'S ANSWER**

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiff Gundersen Lutheran Medical Center, Inc.'s ("Gundersen" or "Plaintiff") Complaint as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Using the same numbered paragraphs as the Complaint, Defendant answers the numbered paragraphs of the Complaint as follows:

1. This paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

2. This paragraph contains Plaintiff's characterization of this action and Title XVIII of the Social Security Act, as amended (42 U.S.C. § 1395 et. seq.), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which

speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

    3. This paragraph contains conclusions of law and Plaintiff's characterization of 42 U.S.C. § 1395oo(f), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

    4. This paragraph contains a conclusion of law, not an allegation of fact, to which no response is required.

    5. Denies, except to admit that Plaintiff is Gundersen Lutheran Medical Center, Inc. and that, during the time period relevant to this appeal, Gundersen (provider number 52-0087) was a provider of dialysis services which participated in the Medicare program and accordingly was subject to the orders and instruction of the Provider Reimbursement Review Board ("PRRB" or "Board"), as well as the reimbursement rules and restrictions which are set forth in the Medicare statute, the Secretary's implementing regulations, and manual provisions.

    6. Denies, except to admit that, during the period relevant to this appeal, Gundersen participated in the Medicare program and accordingly was subject to the PRRB's orders and instructions, as well as the reimbursement rules and restrictions which are set forth in the Medicare statute, the Secretary's implementing regulations, and manual provisions.

    7. Denies the first sentence of this paragraph, except to admit that the Secretary, Michael O. Leavitt, is responsible for the administration of the Medicare program, and that he has delegated considerable authority for the administration of the Medicare program to the Administrator of the Centers for Medicare and Medicaid Services ("CMS") (formerly the Health

Care Financing Administration ("HCFA")).  The second sentence contains Plaintiff's characterization of this action, to which no response is required.

       8.  This paragraph contains Plaintiff's characterization of Title XVIII of the Social Security Act, as amended, 42 U.S.C. § 1395 et. seq., not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

       9.  Admits the first sentence of this paragraph.  Denies the second sentence of this paragraph, except to admit that the Medicare program covers the provision, by renal dialysis facilities and providers of services (including hospitals, critical access hospitals, skilled nursing facilities, comprehensive outpatient rehabilitation facilities, and home health agencies), of certain dialysis services to patients who have been determined to have end stage renal disease ("ESRD"), in a variety of settings.  See 42 U.S.C. §§ 426-1, 1395x(u), 1395rr.  Denies the third sentence on the basis that the term "generally" is vague in this context.

       10.  Denies the first sentence of this paragraph, except to admit that certain facilities that provide dialysis services to ESRD patients are reimbursed by the Medicare program using a prospectively determined composite rate that applies only to routine maintenance dialysis services, with physicians' patient care services, and certain laboratory services and drugs being separately billable services.  See 42 U.S.C. §§ 1395x(u), 1395rr(b); 42 C.F.R. §§ 413.170-413.174; 62 Fed. Reg. 43657-74 (Aug. 15, 1997).  Denies the second sentence, except to admit that the prospectively determined composite payment rate reflects, among other things, differences in wage levels among the areas in which ESRD facilities are located.  Denies the

third sentence, except to admit that an ESRD facility may seek an exception to its composite rate under the circumstances, and subject to the criteria, set forth in 42 C.F.R. §§ 413.180-413.192. The fourth sentence contains conclusions of law and Plaintiff's characterization of the criteria for a payment exception which are set forth in 42 C.F.R. §§ 413.180-413.192, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

      11.  Denies the first sentence of this paragraph, except to admit that ESRD facilities may submit a request for an exception to the prospectively determined composite payment rate to their servicing Medicare intermediary and, that if that request is timely, the intermediary in turn makes a recommendation to CMS regarding the request, which CMS may accept, reject, or modify in its discretion. The second, third, and fourth sentences contain Plaintiff's characterizations of Provider Reimbursement Manual ("PRM") - Part I, Publication 15-1, Chapter 27, §§ 2723 and 2724, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions (which are available at http://www.cms.hhs.gov/Manuals/PBM/list.asp) for a complete and accurate statement of their contents.

      12.  This paragraph contains an excerpt from and Plaintiff's characterization of 42 U.S.C. § 1395rr(b)(7), not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks

for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

     13. Denies the first sentence of this paragraph, except to admit that a provider may appeal the denial of a request for an exception to the PRRB provided that the facility meets the amount in controversy and other jurisdictional requirements for individual and group appeals which are set forth in 42 U.S.C. 1395oo(a), (b) and 42 C.F.R. §§ 405.1835-405.1841, 413.194. The second sentence contains Plaintiff's characterizations of 42 U.S.C. § 1395oo, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

     14. Denies the first sentence of this paragraph, except to admit that, in exercising its authority to conduct hearings, the PRRB must comply with all the provisions of the Medicare Act and implementing regulations, as well as CMS rulings issued under the authority of the Administrator of CMS, and must afford great weight to interpretative rules, general statements of policy, and rules of agency organization, procedure, or practice. See 42 C.F.R. §§ 405.1867, 413.194. Denies the second sentence, except to admit that a provider may appeal the denial of a request for an exception to the PRRB provided that the facility meets the timing, amount in controversy, and other jurisdictional requirements for individual and group appeals which are set forth in 42 U.S.C. 1395oo(a), (b) and 42 C.F.R. §§ 405.1835-405.1841, 413.194.

     15. Denies the first sentence of this paragraph, except to admit that, within sixty days after the provider is notified of the PRRB's decision, the CMS Administrator, on behalf of the Secretary, may reverse, affirm, or modify the PRRB's decision or may decline to do so. See 42

U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1875.  Denies the second sentence, except to admit that, if the Administrator elects to review a PRRB decision, the Administrator's decision becomes the final decision of the Secretary, and that the Administrator's decision is subject to judicial review in a federal district court with venue.  See 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1877.

16. Admits.

17. Admits.

18. Denies, except to admit that Plaintiff claimed that it had an atypical patient mix and had furnished atypical services, and alleged that it qualified for an exception to the composite rate for this reason.

19. Denies, except to admit that Plaintiff made each of these allegations in its exception request and on appeal before the PRRB.

20. This paragraph contains Plaintiff's characterization of CMS's September 21, 2001 letter to the Intermediary, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the text of the letter, for a full and accurate statement of its contents.  See Certified Administrative Record ("AR") 893-96.[1]

21. The first sentence contains Plaintiff's characterization of the Intermediary's October 21, 2001 letter to the Plaintiff, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers

---

[1] The Secretary is filing separately the certified three-volume administrative record for this action.

the Court to the text of the letter, see AR 883-86, for a full and accurate statement of its contents. Denies the second sentence. Admits the third sentence.

22. Denies, except to admit that, during the relevant period, HCFA kept logs concerning exception requests and that those logs were arranged by type of exception and exception window, and that currently CMS keeps logs relating to exception requests submitted only by pediatric ESRD facilities.

23. Admits.

24. This paragraph contains the Plaintiff's characterization of the PRRB's September 14, 2006 decision, not allegations of fact, to which no response is required. The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the decision, see AR 20-25, for a complete and accurate statement of its contents.

25. This paragraph contains a conclusion of law and Plaintiff's characterization of 42 U.S.C. § 1395oo(f), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

26. Admits the first sentence of this paragraph. The second sentence contains the Plaintiff's characterization of the CMS Administrator's October 26, 2006 decision, not allegations of fact, to which no response is required. The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the decision, see AR 2-7, for a complete and accurate statement of its contents.

27. This paragraph contains a conclusion of law and Plaintiff's characterization of 42 U.S.C. § 1395oo, not allegations of fact, to which no response is required. The Secretary denies

any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

28-30.   Denies.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining portions of the Complaint.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation of Plaintiff's Complaint.

The Secretary respectfully requests the Court to enter judgment dismissing the Complaint, with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary files herewith a certified copy of the three-volume record of the administrative proceedings in this case.

Respectfully submitted,

/ s /
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


/ s /
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780

ROBERT W. BALDERSTON
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 619-3601/FAX: (202) 401-1405

Counsel for the Secretary

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 28th , 2007, an electronic copy of the foregoing Answer will be served on plaintiff's counsel *via* the United States District Court's Electronic Case Filing program.

                                              / s /
                                    MEGAN L. ROSE
                                    Assistant United States Attorney
                                    N.C. Bar No. 28639
                                    Civil Division
                                    555 Fourth Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 514-7220/FAX: (202) 514-8780