IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

GUNDERSEN LUTHERAN MEDICAL   )
CENTER, INC.   )
   )
Plaintiff,   )
   )
   )
v.   ) Civil No. 06-2195 (TFH)
   )
   )
MICHAEL O. LEAVITT, IN HIS   )
OFFICIAL CAPACITY AS SECRETARY   )
OF HEALTH AND HUMAN SERVICES   )
   )
Defendant,   )
_____)

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 (a) of the Federal Rules of Civil Procedure,

Plaintiff moves for summary judgment on the basis that there is no genuine

issue as to any material fact, and Plaintiff is entitled to judgment as a matter

of law.  The reasons for this motion are fully set forth in the accompanying

Memorandum of Points and Authorities.  Plaintiff further requests an

opportunity to present oral argument in this matter. A proposed Order is

attached.


DATED:  August 30, 2007

Respectfully submitted,

/s

_____
JEFFREY A. LOVITKY
Attorney at Law
1776 K Street, NW, Ste. 200
Washington, DC 20006
(202)429-3393
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

GUNDERSEN LUTHERAN MEDICAL          )
CENTER, INC.                        )
                                    )
Plaintiff,                          )
                                    )
                                    )
v.                                  ) Civil No. 06-2195 (TFH)
                                    )
                                    )
MICHAEL O. LEAVITT, IN HIS          )
OFFICIAL CAPACITY AS SECRETARY      )
OF HEALTH AND HUMAN SERVICES        )
                                    )
Defendant,                          )
_____)


**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**


**JEFFREY A. LOVITKY**

Attorney at Law
1776 K. Street, N.W.,
Ste. 200
Washington, DC 20006
T: (202) 429-3393
F: (202) 318-4013

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ iii

I.  INTRODUCTION.................................................................................. 1

II.  LEGAL AND FACTUAL BACKGROUND ......................................... 1

III.  ARGUMENT ........................................................................................ 5

    A.  Issue Presented .............................................................................. 5

    B.  Standard of Review........................................................................ 5

    C.  The Exception Request Should Be Deemed Approved Pursuant
    To 42 U.S.C. § 1395rr(b)(7)........................................................... 6

        1.  The Administrator's Position Is Inconsistent With
        Congressional Intent................................................................. 7

        2. Notification of Gundersen Was Required By FOIA ................. 10

IV.  CONCLUSION .................................................................................... 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

American Mail Line, Ltd. v. Gulick,
    411 F.2d 696 (D.C. Cir. 1968).............................................................. 11

Bristol-Myers Co. v. FTC,
    598 F.2d 18 (D.C. Cir. 1978).............................................................. 11

Citizens to Preserve Overton Park, Inc. v. Volpe,
    401 U.S. 402 (1971)............................................................................ 5

Good Samaritan Hosp., Corvallis v. Mathews,
    609 F.2d 949 (9th Cir. 1979). ............................................................. 6

In re Gault,
    387 U.S. 1 (1967)................................................................................ 9

Jordan v. United States DOJ,
    591 F.2d 753 (D.C. Cir. 1978)............................................................ 10

## FEDERAL STATUTES

5 U.S.C. § 552(a)(2)...................................................................................... 11

5 U.S.C. § 552(a)(2)(A) ........................................................................... 10,11

5 U.S.C. § 552(a)(2)(E) .............................................................................. 10

5 U.S.C. § 552(a)(2)(ii)................................................................................ 12

5 U.S.C. § 706(2) ........................................................................................ 5

5 U.S.C. § 706(2)(A) ................................................................................... 1

42 U.S.C. § 1395oo(f)(1)............................................................................ 4,5

42 U.S.C. § 1395rr(b)(7).......................................................................... 2,5,6,12

**FEDERAL REGULATIONS**

42 C.F.R. § 413.184(a)(1) (2001) ...................................................................3

42 C.F.R. § 413.194(b)(1) (2001) .................................................................4

42 C.F.R. § 413.194(c)(1) (2001) ...................................................................9

62 Fed. Reg. 43657 (Aug. 15, 1997) ...............................................................3

70 Fed. Reg. 70116 (Nov. 21, 2005) ..............................................................3

**ADMINISTRATIVE MATERIALS**

PRM 2723 ........................................................................................................6

PRM 2723.3(F) ................................................................................................6

PRM 2724 ........................................................................................................6

**LEGISLATIVE HISTORY**

Omnibus Budget Reconciliation Act of 1986, H.R. Rep. No. 99-727
(1986), *Reprinted* in 1986 U.S.C.C.A.N. 3607 .............................................8

## I.    INTRODUCTION

Plaintiff, Gundersen Lutheran Medical Center, hereinafter referred to as "Gundersen", is a full service hospital located in LaCrosse, Wisconsin. Gundersen's outpatient renal dialysis unit provides outpatient hemodialysis to the residents of LaCrosse Wisconsin and the surrounding areas. Administrative Record ("AR") at 82.

In this action, Gundersen challenges the denial of its request for an exception to the Medicare prospectively determined payment rate for dialysis treatments.  The Secretary's action in denying these exception requests constituted arbitrary and capricious agency action in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

## II.    LEGAL AND FACTUAL BACKGROUND

Title XVIII of the Social Security Act provides health insurance protection to qualified individuals under the Part A (hospital insurance) and Part B (voluntary supplementary medical insurance) programs. 42 U.S.C. §§ 1395 et seq. This program, commonly referred to as the Medicare program, is administered by the Centers for Medicare & Medicaid Services ("CMS").[1]

---

[1] The Centers for Medicare & Medicaid Services was until recently known as the Health Care Finance Administration ("HCFA").   Certain portions of the administrative record refer to CMS, and other portions refer to HCFA. For purposes of this brief, the terms CMS and HCFA are used interchangeably.

The Administrator of CMS ("Administrator") functions under the general direction and supervision of the Secretary of Health and Human Services (the "Secretary").

Pursuant to Section 1881(b) of the Social Security Act, and implementing regulations, facilities providing End Stage Renal Dialysis ("ESRD") under the Medicare program are reimbursed for outpatient dialysis services under the "composite rate" system. 42 U.S.C. § 1395rr(b)(7). The "composite rate" is a prospectively determined payment rate for each outpatient dialysis session. <u>Id</u>.

Facilities are also authorized to obtain an exception to the composite rate. 42 U.S.C. § 1395rr(b)(7). An exception request will be deemed approved unless it is disapproved by the Secretary within 60 working days. <u>Id</u>.

Gundersen submitted a request for an exception to the composite rate for outpatient dialysis services on July 2, 2001. AR at 199. This request was submitted to United Government Services, LLC, which serves as the Secretary's fiscal intermediary. <u>Id</u>. [2] Gundersen sought an additional $27.18 per treatment for hemodialysis treatments. AR at 112.

---

[2] CMS has set up a network of "Intermediaries" (generally health insurance companies) to administer Part A of the Medicare program, subject to the

Gundersen's request was based upon atypical service intensity, and the resulting additional nursing service and administrative costs. AR at 84-122. The Secretary's implementing regulations authorize an exception to the composite rate based on atypical service intensity when a provider demonstrates that *"a substantial proportion of the facility's outpatient maintenance dialysis treatments involve atypically intense dialysis services, special dialysis procedures, or supplies that are medically necessary to meet special medical needs of the facility's patients."* 42 C.F.R. § 413.184(a)(1) (2001).[3]

By letter dated September 21, 2001, CMS advised the Intermediary that it denied the exception request. AR at 202-05. The primary grounds cited by CMS was that Gundersen failed to substantiate either an atypical patient mix or its increased costs. Id. The text of the CMS denial letter was paraphrased and mailed from the Intermediary to Gundersen on October 1, 2001. AR at 200-06.

---

direction of CMS, and subject to further review by the Administrator and the Secretary.

[3] The exception request submitted by Plaintiffs falls under the version of the regulations which were originally promulgated on Aug. 15, 1997, at 62 Fed. Reg. 43657, 43670. These regulations may be found at 42 C.F.R. Part 413 (2001). These regulations were amended on November 21, 2005. See 70 Fed. Reg. 70116, 70331. Plaintiff has cited throughout this brief to the 2001 version of 42 C.F.R. Part 413, as the exception request was submitted on July 2, 2001.

The Secretary's regulations authorize a provider to appeal the CMS denial to the Provider Reimbursement Review Board ("PRRB" or "Board"). 42 C.F.R. § 413.194(b)(1) (2001). The decision of the PRRB is subject to further review by the Administrator of CMS. Id. The decision of the PRRB constitutes final agency action, unless the Administrator, within 60 days after the Provider is notified of the PRRB's decision, reverses, affirms, or modifies the Board's decision. 42 U.S.C. § 1395oo(f)(1). Thereafter, providers may seek review of the agency action in federal district court. Id.

The CMS denial of the exception request was timely appealed to the PRRB by Gundersen. The PRRB rendered its decision on September 14, 2006. AR at 20-25. The PRRB found that the exception request was automatically approved because CMS failed to notify Gundersen of its disapproval within the 60 working day period. Id.

PRRB decisions are final unless reversed or otherwise modified by the Administrator. 42 U.S.C. § 1395oo(f)(1). By decision dated October 26, 2006, the Administrator reversed the PRRB. AR at 2. The Administrator concluded that the 60 working day period was satisfied based on the fact that the CMS decision was "rendered" within 60 days. AR at 6. The Administrator stated that the statute does not also require that notice be furnished to the provider within the 60 day period. Id.

4

The Administrator's decision constituted final agency action.   42 U.S.C. § 1395oo(f)(1).  Thereafter, Plaintiffs timely filed this action for review in federal district court.

## III.   ARGUMENT

### A.    Issue Presented

Should the exception request have been deemed approved pursuant to 42 U.S.C. §1395rr(b)(7)?

### B.    Standard of Review

An action under Section 1878 of the Social Security Act seeking judicial review of Medicare reimbursement determinations is subject to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.  42 U.S.C. § 1395oo(f)(1).  Under the APA, a court must set aside agency action which is arbitrary or capricious, or otherwise contrary to law.  5 U.S.C. § 706(2).  The APA requires the reviewing court to engage in a "thorough, probing, in-depth review."  Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971).

Although denominated a motion for summary judgment, this court's "review is not a determination of whether there is any genuine issue as to any material fact as in a ruling on a summary judgment motion, but rather whether the agency action was arbitrary, capricious, an abuse of discretion,

5

not in accordance with law, or unsupported by substantial evidence on the record taken as a whole*."* <u>Good Samaritan Hosp., Corvallis v. Mathews</u>, 609 F.2d 949, 951 (9th Cir. 1979).

      C.     <u>The Exception Request Should Be Deemed Approved Pursuant To 42 U.S.C. §1395rr(b)(7)</u>

Pursuant to 42 U.S.C. §1395rr(b)(7), an application for an exception *"…shall be deemed to be approved unless the Secretary disapproves it by not later than 60 working days after the date the application is filed*."  The exception request filed by Gundersen should be deemed approved because the Secretary did not provide notification to Gundersen of its disapproval until after the 60 working day period.

The Secretary has established the following procedures for the processing of exception requests.  First, the exception request is submitted to the intermediary.  The intermediary must make a preliminary recommendation to CMS on the exception request within 15 working days. Provider Reimbursement Manual ("PRM") § 2723. The intermediary next submits the exception request to CMS, along with its preliminary recommendation.  PRM § 2723.3(F).  CMS then prepares a decision, and advises the intermediary of its action.  PRM § 2724. The intermediary then notifies the provider of the CMS decision.

Gundersen filed its exception request with the Intermediary on July 2, 2001. AR at 199. The 60th working day after July 2 was September 25, 2001. Id.

By letter dated September 21, 2001, CMS denied the exception request. AR at 199. The CMS letter dated September 21, 2001 was sent to the intermediary on that date. Id. By letter dated October 1, 2001, the intermediary notified Gundersen that its exception request was denied. AR at 200. The PRRB ruled that the exception request must be deemed approved because the intermediary did not mail notice of its denial to Gundersen until after the 60 day deadline had expired. AR at 24.

On October 26, 2006, the Administrator reversed the decision of the PRRB. AR at 2-7. The Administrator held that the statutory deadline was satisfied by virtue of the disapproval being "*rendered*" on September 21, 2001, which was within the 60 working day period. AR at 6. The Administrator's position is that the statute does not require the giving of notice to the provider within the 60 day period. Id.

1. The Administrator's Position is Inconsistent with Congressional Intent

The Administrator's rationale is inconsistent with the underlying purpose of the statute. The legislative history indicates that Congress was particularly concerned with respect to delays in processing exception

7

requests.  The Committee Report explaining the purpose of the provision noted that "*numerous complaints have been received that the exceptions process is cumbersome, and that the rules are ambiguous and difficult to comply with, and that determinations are long delayed*."  Omnibus Budget Reconciliation Act of 1986, H.R. Rep. No. 99-727 at 76 (1986), *Reprinted* in 1986 U.S.C.C.A.N. 3607, 3666.

The Committee Report further stated as follows:  "*The Committee bill provides for the appeals process to be streamlined so that an exception would be deemed approved unless the Secretary disapproved it by not later than 45 working days from the date the application was filed with the intermediary.  The Committee intends that the fiscal intermediaries will complete within 15 working days their recommendation so that HHS will have 30 days to make its decision.*"  Id., at 3851. The deemed approval provision was subsequently enacted into law, with an amendment giving the Secretary 60 working days to process exception requests.

The Secretary's interpretation would allow CMS an indefinite period of time in which to notify the provider of its decision, assuming that the disapproval was rendered within the 60 day time frame.  This is not consistent with the legislative history, which indicates that Congress was concerned with delays in the processing of exception requests.

8

Nor is such an interpretation consistent with well established notions of due process. Prompt notification of agency action is a hallmark of due process. Such notification is necessary to allow an affected party to take prompt action to protect its rights. <u>See</u> <u>In re Gault</u>, 387 U.S. 1, 73 (1967) ("adequate and timely notice is the fulcrum of due process, whatever the purposes of the proceeding.")

The Secretary's interpretation would permit the evisceration of a provider's appeal rights merely by delaying notification of the CMS decision. Pursuant to 42 C.F.R. § 413.194(c)(1) (2001), a provider has 180 days from the "*date of the decision*" to appeal the CMS denial to the PRRB. Under the Secretary's interpretation, an agency could bury its decision in its files until after the appeal period has expired. This is not a plausible interpretation of the statute.

Moreover, notification is inherent in the very concept of approval or disapproval. For example, the Secretary could decide to approve an exception request, and reverse positions within the 60 day period. The initial approval would not be binding upon the Secretary absent notification to the provider. Nor should the Secretary's disapproval be given effect until such time as the provider has been notified. Gundersen's exception request

9

should be deemed approved, as the Secretary did not furnish notice within the 60 working day period.

2. Notification to Gundersen was Required by FOIA

The Freedom of Information Act ("FOIA") provides that the following categories of information be made available for public inspection: *"final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases."* 5 U.S.C. § 552(a)(2)(A). This information must be automatically made available for public inspection and copying. Jordan v. United States DOJ, 591 F.2d 753, 756 (D.C. Cir. 1978) (en banc) (information falling within 5 U.S.C. § 552(a)(2)(A) must be made *"automatically available for public inspection; no demand is necessary."*). These disclosure obligations must be construed broadly. Id. at 768.

The agency must also make available a general index of these records to facilitate retrieval. 5 U.S.C. § 552(a)(2)(E). The index and the records must also be made available on the agency's web site. Id

Subsection (a) 2 further states as follows:

> *A final order, opinion, statement of policy, interpretation, or staff manual or instruction that affects a member of the public may be relied on, used, or cited as precedent by an agency against a party other than an agency only if--*
> *(i) it has been indexed and either made available or published as provided by this paragraph; or*
> *(ii) the party has actual and timely notice of the terms thereof.*

10

5 U.S.C. § 552(a)(2).

In <u>Bristol-Myers Co. v. FTC</u>, 598 F.2d 18, 25 (D.C. Cir. 1978), the

court stated that an action "*by the responsible decision maker*" which has the

"*practical effect of disposing of a matter before the agency*" is final for

purposes of the indexing and disclosure provisions of 5 U.S.C. §

552(a)(2)(A).  <u>See</u> <u>also</u> <u>American Mail Line, Ltd. v. Gulick</u>, 411 F.2d 696,

702 (D.C. Cir. 1968), in which the court held that an order having

"*immediate operative effect*" falls within the ambit of 5 U.S.C. §

552(a)(2)(A).

In the present case, the Secretary was required by statute to either

approve or disapprove of the exception request within 60 working days.  The

denial letters dated September 21, 2001 were not merely advisory or pre-

decisional.  The Secretary's September 21, 2001 determination had the

"*practical effect*" of disposing of the matter, absent an appeal by Gundersen.

As such, the denial letters were subject to the indexing and disclosure

requirements of 5 U.S.C. § 552(a)(2)(A).

The CMS denial letter dated September 21, 2001 was not indexed or

published in the publication known as CMS Rulings, which is available on

the agency's web site at http://www.cms.hhs.gov/Rulings/CMSR/list.asp.

Therefore, the denial letter dated September 21, 2001 could not have been

*"relied on"* or *"used"* against Gundersen until such time as the latter received "*actual*" notice thereof.  5 U.S.C. § 552(a)(2)(ii).

The transmittal letter notifying Gundersen that its exception request had been denied was dated after the expiration of the 60 working day period.[4]  Therefore, the September 21, 2001 decision could not have been "*used*" or "*relied upon*" until after the 60 day deadline.  The July 2, 2001 exception request must therefore be deemed approved. 42 U.S.C. §1395rr(b)(7).

## IV.    CONCLUSION

For the foregoing reasons, Gundersen's motion for summary judgment should be granted.  The exception request submitted by Gundersen should be deemed approved pursuant to 42 U.S.C. §1395rr(b)(7).   A proposed order is attached.

DATED:  August 30, 2007

---

[4] The 60th working day after the July 2, 2001 submission was September 25, 2001.  AR at 199.  The intermediary notified Gundersen that its exception request was denied by letter dated October 1, 2001.  AR at 200.

Respectfully submitted,


/s
_____
JEFFREY A. LOVITKY
Attorney at Law
1776 K Street, NW, Ste. 200
Washington, DC 20006
(202) 429-3393
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

GUNDERSEN LUTHERAN MEDICAL          )
CENTER, INC.                         )
                                     )
Plaintiff,                           )
                                     )
                                     )
v.                                   ) Civil No. 06-2195 (TFH)
                                     )
                                     )
MICHAEL O. LEAVITT, IN HIS           )
OFFICIAL CAPACITY AS SECRETARY       )
OF HEALTH AND HUMAN SERVICES         )
                                     )
Defendant,                           )
_____)

## PLAINTIFF'S RULE 7.1 STATEMENT OF
## MATERIAL FACTS NOT IN DISPUTE

Pursuant to LCvR 7.1(h) of the local rules of United States District

Court for the District of Columbia, Plaintiff, Gundersen Lutheran Medical

Center, hereinafter referred to as "Gundersen", submits this statement of

undisputed material facts in support of its motion for summary judgment

pursuant to Fed. R. Civ. P. 56(a).

1.  Gundersen Lutheran Medical Center, hereinafter referred to as

    "Gundersen", is a full service hospital located in LaCrosse, Wisconsin.

    Gundersen's outpatient renal dialysis unit provides outpatient

    hemodialysis to the residents of LaCrosse Wisconsin and the

surrounding areas.  Administrative Record ("AR") at 82.

2.  Facilities providing End Stage Renal Dialysis ("ESRD") under the
    Medicare program are reimbursed for outpatient dialysis services
    under the "composite rate" system.  42 U.S.C. § 1395rr(b)(7).  The
    "composite rate" is a prospectively determined payment rate for each
    outpatient dialysis session.  Id.

3.  Facilities are authorized to obtain an exception to the composite rate.
    42 U.S.C. § 1395rr(b)(7). An exception request will be deemed
    approved unless it is disapproved by the Secretary within 60 working
    days. Id.

4.  The Secretary has established the following procedures for the
    processing of exception requests.  First, the exception request is
    submitted to the intermediary.  The intermediary must make a
    preliminary recommendation to CMS on the exception request within
    15 working days.  PRM 2723. The intermediary next submits the
    exception request to CMS, along with its preliminary recommendation.
    PRM 2723.3(F).  CMS then prepares a decision, and advises the
    intermediary of its action.  PRM 2724. The intermediary then notifies
    the provider of the CMS decision.

5.  Gundersen submitted a request for an exception to the composite rate

2

for outpatient dialysis services on July 2, 2001. AR at 199. This request was submitted to United Government Services, LLC, which serves as the Secretary's fiscal intermediary. Id. Gundersen sought an additional $27.18 per treatment for hemodialysis treatments. AR at 112.

6. Gundersen's request was based upon atypical service intensity, and the resulting additional nursing and administrative costs. AR at 84-122.

7. By letter dated September 21, 2001, CMS advised the Intermediary that it denied the exception request. AR at 202-05. The CMS letter dated September 21, 2001 was sent to the intermediary on that date. AR at 200.

8. The CMS denial letter dated September 21, 2001 was not indexed or published in the publication known as CMS Rulings, which is available on the agency's web site at http://www.cms.hhs.gov/Rulings/CMSR/list.asp.

9. The CMS denial letter dated September 21, 2001 was not indexed and made available for public inspection in the FOIA Reading Room located in CMS's library - 2nd Floor, Central Building, 7500 Security Boulevard in Baltimore, Md., or in any other CMS FOIA reading

room.  The CMS denial letter dated September 21, 2001 was not indexed and made available for public inspection in any electronic reading room.

10. The 60th working day after July 2 was September 25, 2001.  Id.

11. By letter dated October 1, 2001, the intermediary notified Gundersen that its exception request was denied.  AR at 200.  The transmittal letter notifying Gundersen that its exception request had been denied was dated after the expiration of the 60 working day period.

12. The CMS denial of the exception request was timely appealed to the PRRB by Gundersen.  The PRRB rendered its decision on September 14, 2006. AR at 20-25.  The PRRB found that the exception request was automatically approved because CMS failed to notify Gundersen of its disapproval within the 60 working day period. Id.

13. PRRB decisions are final unless reversed or otherwise modified by the Administrator.  42 U.S.C. § 1395oo(f)(1). By decision dated October 26, 2006, the Administrator reversed the PRRB. AR at 2-7. The Administrator concluded that the 60 working day period was satisfied based on the fact that the CMS decision was "*rendered*" within 60 working days.

DATED:  August 30, 2007

4

Respectfully submitted,

/s

_____
JEFFREY A. LOVITKY
1776 K Street, NW, Ste. 200
Washington, DC 20006
(202) 429-3393
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| GUNDERSEN LUTHERAN MEDICAL | ) |
| CENTER, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil No. 06-2195 (TFH) |
| | ) |
| | ) |
| MICHAEL O. LEAVITT, IN HIS | ) |
| OFFICIAL CAPACITY AS SECRETARY | ) |
| OF HEALTH AND HUMAN SERVICES | ) |
| | ) |
| Defendant, | ) |

_____)

## ORDER AND JUDGMENT

Pursuant to Fed. R. Civ. P. 58 and for the reasons stated by the Court

in its memorandum, it is this ___ day of _____ hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary

Judgment is granted; and it is further

**ORDERED AND ADJUDGED** that Plaintiff's exception request is

deemed approved pursuant to 42 U.S.C. § 1395rr(b)(7), consistent with the

opinion of the Court, and it is further

**ORDERED AND ADJUDGED** that Defendant pay Plaintiff its costs

and reasonable attorney fees herein.

_____
Judge of the United States District Court