## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GUNDERSEN LUTHERAN MEDICAL CENTER, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:06CV02195 (TFH) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, | ) ) ) | |
| Defendant. | ) ) ) | |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant hereby moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because there is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law.

In support of this motion, Defendant respectfully submits the attached memorandum of points and authorities, statement of material facts not in genuine dispute, concise statement of genuine issues, and a proposed order. The Administrative Record previously has been filed with the Court.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/s/_____
CHARLOTTE A. ABEL
Assistant United States Attorney
D.C. Bar No. 388582

Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332
Facsimile: (202) 514-8780

_____ ROBERT BALDERSTON
Attorney
U.S. Department of Health and
    Human Services
Office of the General Counsel
Room 5309, Cohen Bldg.
330 Independence Ave, SW
Washington, DC 20201
(202) 619-3601
Facsimile: (202) 401-1405

_____

OF COUNSEL:

DANIEL MERON
General Counsel

MARK D. POLSTON
Acting Associate General Counsel
for Litigation

LAWRENCE J. HARDER
Acting Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services

- 2 -

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GUNDERSEN LUTHERAN              )
MEDICAL CENTER, INC.           )
                               )
          Plaintiff,           )
                               )
          v.                   )    Case No. 1:06CV02195 (TFH)
                               )
MICHAEL O. LEAVITT,            )
Secretary of Health and Human Services,  )
                               )
          Defendant.           )
_____)

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff Gundersen Lutheran Medical Center (referred to as Gundersen Lutheran Hospital or "GLH") is an acute care hospital that operates a renal dialysis facility that provides services to individuals with End Stage Renal Disease ("ESRD"). The facility requested an exception to the composite payment rate established by the Secretary for ESRD services. By statute and regulation, such a request is "deemed approved" unless the Secretary "disapproves" it within sixty working days. The Secretary denied Plaintiff's exception request on the fifty-eighth working day. GLH argues that because it <u>received</u> <u>notice</u> of the disapproval on the sixty-fourth working day, its request must be "deemed approved." The Secretary respectfully submits that Plaintiff's request was timely denied because the statute and regulation, by their terms, only require that he <u>disapprove</u> an exception request within the 60 working day limit. Accordingly, the Court should affirm the Secretary's decision, grant the Secretary's motion for summary judgment and deny Plaintiff's motion for summary judgment.

## STATUTORY AND REGULATORY BACKGROUND

The Medicare program, established under title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq*. ("the Medicare Statute"), pays for covered medical care furnished primarily to eligible aged and disabled persons.  Certain individuals with End Stage Renal Disease are also eligible for benefits.  42 U.S.C. §§ 426-1, 1395rr(a).

Medicare reimbursement for ESRD services is made on the basis of prospectively set rates.  42 U.S.C. § 1395rr(b)(7). The statute requires the Secretary to "provide by regulation for a method (or methods) for determining prospectively the amounts of payments to be made for dialysis services." Id. The Secretary has established a composite payment rate methodology for outpatient maintenance dialysis.  The composite rate is computed on a per treatment basis by considering labor and nonlabor costs, and is adjusted periodically.  See Provider Reimbursement Manual ("PRM")  § 2702.[1]

The statute requires the Secretary to "provide for such exceptions" to these prospectively set rates "as may be warranted by unusual circumstances." 42 U.S.C. § 1395rr(b)(7). Accordingly, the Secretary has adopted regulations addressing when to grant exceptions to the composite rate.  See 42 C.F.R. §§ 413.180 (2001) et seq.[2]; PRM §§ 2720-22. The Centers for

---

[1] The PRM is a manual published by the Centers for Medicare and Medicaid Services and is available on the internet.  See http://www.cms.hhs.gov/Manuals/PBM/list.asp.  Chapter 27, ESRD Services and Supplies, can be found in Part I of the PRM.

[2] The regulations at 42 C.F.R. Part 413 (2001) were in effect at the time of Plaintiff's exception requests in July, 2001.

- 2 -

Medicare & Medicaid Services ("CMS"),[3] may grant an exception to the standard payment rate and set a higher rate if a dialysis provider:

> demonstrates, by convincing objective evidence, that its total per treatment costs are reasonable and allowable under the relevant cost reimbursement principles of part 413 and that its per treatment costs in excess of its payment rate are directly attributable to . . . [certain] criteria [including]:
> (a) Atypical service intensity (patient mix) . . .

42 C.F.R.§ 413.182 (2001).

A provider seeking an exception to the composite rate submits its exception request and required information to its fiscal intermediary.[4] PRM §2720. Requests for exceptions must be received by the fiscal intermediary within 180 days[5] after: (1) the effective date of the facility's new composite rate(s); or (2) the effective date that CMS opens the exceptions process; or (3) the date on which an extraordinary cost-increasing event occurs.  See 42 C.F.R. §413.180(d) (2001); see also PRM §2720.4.  The intermediary must complete its review within 15 working days. PRM § 2723.  The intermediary then forwards the exception request with its preliminary recommendation to CMS.  PRM §2723.3(F)

Upon receipt of the exception request from the intermediary, CMS reviews all the

---

[3] CMS, formerly the Health Care Financing Administration ("HCFA"), is the agency within the Department of Health and Human Services responsible for administering the Medicare program, including the ESRD exception process.  In this brief, the Secretary will refer to both CMS and HCFA as "CMS."

[4] Payments to providers ordinarily are made through private organizations (typically insurance companies) which act as "fiscal intermediaries," or paying agents, under contracts with the Secretary.  42 U.S.C. § 1395h.

[5] The 180-day period in which the facility must file a complete exception request is often described as the exception "window."  See, e.g., PRM § 2720.2.

information submitted, prepares a decision based on the documentation submitted, and advises

the intermediary of the decision and any exceptions to the facility's rate.  PRM § 2724.  If a

facility's exception request is denied during the 180-day window, it may file another exception

request, supplying missing documentation and/or addressing CMS's other concerns, by the 180th

day.  PRM § 2723.3A.

If CMS does not disapprove the exception request within 60 working days from the date

the request is filed with the intermediary, it is deemed approved.  42 U.S.C. § 1395rr(b)(7)

("[e]ach application for such an exception shall be deemed to be approved unless the Secretary

disapproves it by not later than 60 working days after the date the application is filed."); 42

C.F.R. § 413.180(h)(2001) ("[a]n exception request is deemed approved unless it is disapproved

within 60 working days after it is filed"); PRM § 2720.  Because CMS allows the intermediary

15 working days to make a preliminary recommendation to CMS, CMS processes exceptions

within 45 working days.  PRM § 2720.

When, as in this case, CMS determines that a provider has failed to meet its burden of

demonstrating that it warrants an exception from its payment rate, the provider may seek

administrative review of CMS's decision.  See 42 C.F.R. § 413.194(b)(2001); PRM § 2726.  The

provider is permitted 180 days to request a hearing before the Provider Reimbursement Review

Board ("PRRB" or "Board"), an administrative tribunal within HHS that hears Medicare

reimbursement disputes.  42 C.F.R. § 413.194(c)(1) (2001); PRM § 2726.1.

Within sixty days after the provider is notified of the PRRB's decision, the CMS

Administrator, on behalf of the Secretary, may reverse, affirm, or modify the PRRB's decision.

42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1875(g).  If the Administrator elects to review a

- 4 -

PRRB decision, as happened in this case, a provider or CMS may make various written submissions including proposed findings and conclusions; they may also request that the Administrator remand the decision "and state reasons for doing so." 42 C.F.R. § 405.1875(e). The Administrator's decision becomes the final decision of the Secretary; otherwise, the PRRB's decision constitutes the final, reviewable decision. That final administrative decision is then subject to judicial review in federal district court. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1877.

## STATEMENT OF FACTS AND PROCEEDINGS BEFORE THE AGENCY

GLH is an acute care hospital located in LaCrosse, Wisconsin that operates a renal dialysis facility. A.R. 3, 22. On January 1, 2001, CMS implemented a revised ESRD composite rate. On July 2, 2001, the last day of the exception window, GLH submitted an exception request to its fiscal intermediary, the denial of which has become the subject of the instant action. A.R. 3, 22, 199.

By letter dated September 21, 2001, CMS notified the intermediary of its decision to deny the exception request. A.R. 893. September 21, 2001 was four days before the statutory deadline of 60 working days, September 25, 2001.[6] CMS denied GLH's exception request, A.R. 896, noting that GLH "must submit its actual ESRD costs and the budgeted costs" on the appropriate worksheets, "in accordance with Medicare program instructions." Id. CMS found numerous problems with GLH's request. For example, GLH did not demonstrate that is has "an atypical patient mix" because, for example, it did not include all the required patients in its

---

[6] The September 25, 2001 date accounts for the federal holidays of 4th of July and Labor Day. See A.R. 63-65 (2001 calendar showing date counts and federal holidays). Plaintiff agrees that the 60th working day after July 2, 2001 was September 25, 2001. Pl's Mem. at 7.

anaylsis, did not submit the necessary cost report forms, and did not "furnish sufficient historical evidential documentation that it furnishes atypical nursing services." A.R. 893-95.

In its letter concerning GLH, CMS offered some suggestions in case the provider filed another exception request in the future. CMS reminded GLH that the burden for justifying an exception request rests with the provider – not CMS and not the intermediary – and that GLH had the responsibility for furnishing all the documentation needed to support its request. A.R. 893. By filing its request on the last day of the exception window, GLH had lost its opportunity to remedy any deficiencies in its request. Id. "Had the provider filed early in the exception window, it would have had the opportunity to file another exception request." Id.

The intermediary notified GLH that CMS had denied its request by letter dated October 1, 2001, A.R. 77, the 64th working day after GLH's request. Plaintiff timely appealed the exception denial to the Provider Reimbursement Review Board. A.R. 925.

In its September 14, 2006 decision, the PRRB noted that GLH and the fiscal intermediary had "stipulated that the sole issue before the [Board] is the timely notification of CMS's decision," A.R. 22, and that the substantive issue whether the exception denial was otherwise proper was "not an issue before the Board." Id. The Board found that because CMS failed "to notify the Provider of the determination within 60 working days as required by 42 U.S.C. § 1395rr(b)(7), the Provider's exception request is deemed approved." A.R. 24. Two Board members (out of five) dissented on the basis that the relevant statute, regulation and manual make no mention "regarding timely notifying the provider" and that "CMS made its decision to deny [GLH's] exception within the 60 day working day time limit specified in the statute, regulation and manual." A.R. 25. The dissenting Board members also observed that, because

GLH filed its request on the last day of the exception window and, in light of how soon Plaintiff did receive notice of the denial, "no claim of prejudice of Provider's rights can reasonably be made." Id.

By letter dated September 25, 2007, the Administrator of CMS notified the parties that she would review the Board's decision. A.R. at 15-16. Both the Plaintiff as well as the Center for Medicare Management (a division within CMS) submitted timely comments regarding the Board's decision. A.R. 8-14.

On October 26, 2006, the Administrator reversed the Board's decision. A.R. 2-7. The Administrator found that the plain language of the statute only required that a request be "disapprove[d]" within 60 working days and, therefore, the statute "does not require that the Provider receive the disapproval, or have notice of the disapproval" within that time. A.R. 6. Accordingly, the Administrator held that "the Board erred in holding that the exception request was deemed approved because the Provider did not receive notice of the disapproval within the 60-working day statutory period." Id. The Administrator also concluded that CMS's September 21, 2001 disapproval of Plaintiff's exception request "satisfied the statutory and regulatory requirements in that it was made within 60 working days after the request was filed with the Intermediary" and was therefore timely. A.R. 7.

Plaintiff timely appeal the Administrator's decision. It filed its Complaint on December 26, 2006, which is within 60 days of the Administrator mailing Plaintiff notice of her decision. See A.R. 1; 42 C.F.R. § 405.1877(a).

### PLAINTIFF'S CLAIMS IN THIS COURT

The Complaint alleges jurisdiction under the Medicare statute, 42 U.S.C. 1395oo(f).

Complaint ¶ 3.  Plaintiff argues that its exception request should have been deemed approved because CMS did not provide notice of its disapproval within sixty working days.  Plaintiff also argues that CMS had an obligation to index or publish the denial letters on the Agency's website and, because it did not, and because Plaintiff did not receive actual notice within sixty working days, its exception request must be deemed approved.  Pl's Mem.[7] at 10-12.  Plaintiff asks this Court to find that its exception request is deemed approved pursuant to 42 U.S.C. § 1395rr(b)(7).  Id. at 12.

## ARGUMENT

### I.    The Standard of Review Under the Administrative Procedure Act is Highly Deferential

By statute, judicial review of Medicare reimbursement disputes is governed by the standards in the Administrative Procedure Act ("APA"), See 42 U.S.C. § 1395oo(f)(1).  In general, the APA permits agency action to be set aside if it was "in excess of statutory jurisdiction, authority or limitations, or short of statutory right," "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "unsupported by substantial evidence."  See 5 U.S.C. § 706(2)(C), (A), (E).

Generally, agency action may be invalidated as arbitrary or capricious under the APA only if it is "not rational and based on consideration of the relevant factors."  FCC v. Nat'l Citizens Comm. For Broad., 436 U.S. 775, 803 (1978); see also Motor Vehicle Mfr's Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983).  Similarly, agency action may not be

---

[7]Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment.

invalidated as "unsupported by substantial evidence," 5 U.S.C. § 706(2)(E), if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 619-20 (1966) (internal quotation omitted). Furthermore, in determining whether agency action was arbitrary or capricious or unsupported by substantial evidence, the court is not empowered to substitute its judgment for that of the agency. Citizens to Pres. Overton Park v. Volpe, 401 U.S. 402, 416 (1971),

Under the standards of deference in Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984), the Secretary's interpretation of the Medicare statute must be upheld so long as it is "within the bounds of reasonable interpretation," Your Home Visiting Nurse Servs., Inc. v. Shalala, 525 U.S. 449, 450 (1999). Even if the statute's language is "not free of ambiguity," so long as it bears the Secretary's interpretation, that interpretation is "legally permissible." Shalala v. Illinois Council on Long Term Care, Inc. 529 U.S. 1, 21 (1999). Moreover, the Secretary's interpretation of his own regulations is entitled to "substantial deference," and "must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation."Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994) (internal quotation omitted).

Summary judgment is appropriate if the record, viewed in the light most favorable to the nonmoving party reveals that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Tao v. Greeh, 27 F.3d 635, 638 (D.C. Cir. 1994).

The Secretary submits that, in this case, there is not a genuine issue of material fact: as a matter of law, the Secretary's actions were not arbitrary or capricious or an abuse of discretion.

- 9 -

To the contrary, the Secretary acted in full compliance with all statutory and regulatory

requirements under any standard of review, and his interpretation of the Medicare statute was

reasonable and should be upheld.

## II.    The Secretary's Interpretation of 42 U.S.C. § 1395rr(b)(7) is Reasonable

Resolution of this matter turns on the Secretary's interpretation of 42 U.S.C. §

1395rr(b)(7), which provides that an application for an exception request to the ESRD composite

rate "shall be deemed to be approved unless the Secretary *disapproves* it by not later than 60

working days after the date the application is filed." (emphasis added). Plaintiff does not, and

cannot, argue that the plain language of section 1395rr(b)(7) requires the Secretary to not only

disapprove a request but furnish actual notice to the provider within 60 working days. As the

Administrator explained:

> The statute does not state that the actual notice of the disapproval must be . . . <u>received</u> by
> the provider within 60 working days . . .the key word in [1395rr(b)(7)] is 'disapproves,'
> which is defined in ordinary use as "to refuse to approve; reject." . . . the plain language
> of the statute . . .  requires that CMS render the disapproval of the ESRD exception
> request within the 60-working day statutory period.  The statute does not require that the
> Provider receive the disapproval or have notice of the disapproval within that statutory
> time period.

A.R. at 6 (emphasis in original) (internal citation omitted).  It is the Secretary's view that the

plain language of the statute requires only that an exception request be disapproved, not

transmitted and/or delivered to the provider within the sixty working day time limit and that the

Plaintiff's request was timely disapproved by the September 21, 2001 letter.

In the context of another, similar deadline, the Court of Appeals for the First Circuit has

concluded that, when the statute and regulations are silent as to when notice must be provided,

the Secretary need only make the relevant decision within the stated time limit, and need not also

furnish notice within that time frame.  See Visiting Nurse Association Gregoria Affuant, Inc. v. Thompson, 447 F.3d 68, , 73-74 (1st Cir. 2006).  In Visiting Nurse Association the court of appeals considered 42 C.F.R. § 405.1875(g)(2), which addresses the deadline for the Administrator to issue a decision, when he or she reviews a Board decision.  Section 405.1875 (g)(2) states that "[t]he Administrator will make [his] decision within 60 days after the provider received notification of the Board decision and will promptly mail a copy of the decision to each party and to CMS."  The plaintiff in Visiting Nurse Association argued that the regulation required the administrator to both make his decision and mail his decision within the 60-day limit.  Id. The court rejected the plaintiff's "unnatural reading of the regulatory language" and held that "the plain language of the regulation states that the Administrator need only *make his decision* with the 60-day period."  Id. (emphasis in original).

Defendant respectfully urges this Court to adopt the First Circuit's reasoning in Visiting Nurse Association and reject GLH's  unnatural reading of section 13955rr(b)(7), the plain language of which likewise requires only that the Administrator make his decision within sixty working days. See Sun Towers, Inc. v. Heckler, 725 F.2d 315, 323-23 (5th Cir. 1984).  In Sun Towers, the plaintiffs argued that the Secretary's decision was untimely because, even if it was made within the sixty day limit of the statutory provision at issue in that case, 42 U.S.C. §1395oo(f)(1), it was not *mailed* until the sixty-fourth day.  The court held that the Secretary's decision was timely, noting that the statute imposed no "additional requirement" that the decision be mailed within the sixty day period, and that the agency was entitled to deference.  Id. at 324; see also San Francisco General Hospital v. Shalala, 2000 WL 1721082 (N.D. Cal. Oct. 2, 2000) (Secretary's interpretation of sixty day time limit in 42 U.S.C. § 1395oo(f)(1) to exclude final

- 11 -

Saturdays and Sundays was "reasonable").

Because the statute does not speak directly to when the provider must be given notice of the disapproval, it is ambiguous in this respect. The Secretary's reading is certainly "within the bounds of reasonable interpretation," Your Home, 525 U.S. at 450, and thus "legally permissible," Illinois Council on Long Term Care, Inc., 529 U.S. at 21, and entitled to deference. Even the PRRB majority, which held for Plaintiff, conceded that CMS likely could, consistent with 42 U.S.C. § 1395rr(b)(7), promulgate a regulation establishing a grace period for notice that was *after* the sixty working day limit. A.R. at 23.[8] It follows from the Board's reasoning that the statute by its terms requires only that the request be disapproved within the sixty working day period.

The Secretary's interpretation is also reasonable on the ground that elsewhere in the Medicare statute, Congress *has* explicitly addressed the timing of notice to providers. For example, if the Secretary reverses, affirms, or modifies a Board decision, he must do so "within 60 days after the provider of services *is notified* of the Board's decision", or else "the decision of the Board shall be final." 42 U.S.C. § 1395oo(f)(1). Here, if Congress had intended that 42 U.S.C. § 1395rr(b)(7) required either actual notice, or transmission of notice, within the sixty working day deadline, Congress would presumably have said so explicitly. Cf. 2A Norman J. Singer, Statutes and Statutory Construction § 46.05 (6th Ed. 2000) ("[w]here the legislature has carefully employed a term in one place and excluded it in another, it should not be implied where

_____

[8]The Board also conceded that CMS's deeming regulation, 42 C.F.R. 413.180(h) (2001) "could be read literally as only requiring the CMS decision to be made within the 60-day period." A.R. at 23.

excluded.")

## II.    The Secretary's Interpretation Does Not Undermine the Purpose of the Medicare Statute

Plaintiff's  argument that the Secretary's interpretation is "inconsistent with the underlying purpose of the statute," Pl's Mem at 7, because it would "allow CMS an indefinite period of time in which to notify the provider of its decision," id. at 8, is without merit.  The Secretary does not claim that CMS may indefinitely delay transmission of a timely-rendered decision.  The Administrator's decision does not address how soon a provider must be given notice of CMS's decision to deny an exception request because the facts in this matter did not present the issue of unreasonable delay.  GLH received notice of CMS's decision on the sixty-fourth working day.  Plaintiff raises the specter that CMS could "bury its decision in its files until after the appeal period has expired," Pl's Mem. at 9, and argues that the Secretary's decision is inconsistent with due process because "[p]rompt notification of agency action is a hallmark of due process," id., but Plaintiff received prompt notification. In short, the Secretary does not claim the authority to unreasonably delay notice of denial requests and did not unreasonably delay notice here. Thus, the Court need not endorse such authority in order to affirm the Secretary's decision.

Plaintiff does not even claim to have been prejudiced by CMS's delay. Nor could it reasonably do so.  As the dissenting Board members observed, supra p.7,  because Plaintiff waited until the last day of the exception window to file its exception request, even if CMS had notified GLH of the denial earlier, it could not have corrected the deficiencies identified by the agency in time to submit an amended request.

### III.    FOIA is Irrelevant

Plaintiff argues that CMS's denial of its exception requests is a "final opinion" which must be made available on CMS's web site pursuant to FOIA and that the denial "could not be used or relied upon" until either it was posted on the web site or else Plaintiff had actual notice. Pl's Mem. at 10-12.  FOIA is irrelevant to the legal question before this Court: whether the Secretary "disapproved" the request within sixty working days as required by 42 U.S.C. § 1395rr(b)(7).  It is section 1395rr(b)(7), not FOIA, which speaks specifically to the time limits for denying exception requests. Even assuming *arguendo* that FOIA's indexing requirements apply to ESRD exception request denials, when a specific statute, such as the Medicare statute, and a general one, such as FOIA, address the same concern, the more specific statute controls. See Colorado Nurses Ass'n v. Federal Labor Relations Authority, 851 F.2d 1486, 1492 (D.C. Cir. 1988).  Therefore, the timeliness of ESRD exception request denials is to be determined pursuant to the Medicare statute, not FOIA.

The Secretary complied with the Medicare statute because he disapproved the exception request within sixty working days.  Nothing more is required.  FOIA cannot be read to somehow impose a stricter deadline for agency action than the Medicare statute itself.  Otherwise no deadlines in organic statutes administered by agencies would be understandable without separate resort to FOIA.  Plaintiff cites no authority for such a remarkable proposition.  See also Sun Towers, 725 F.2d at 323-24 (rejecting plaintiffs' argument that, in order to be timely within the sixty day time limit in 42 U.S.C. 1395oo(f)(1), the agency decision must be "placed in the public domain" because only then would the decision be a final judgment pursuant to the Federal Rules

of Civil Procedure).

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that this Court deny

Plaintiff's motion and enter judgment for the Secretary, affirming the Secretary's decision that

Plaintiff's exception request was timely denied.


Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


_____/s/_____
CHARLOTTE ABEL
Assistant United States Attorney
D.C. Bar No. 388582
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332
Facsimile: (202) 514-8780


_____
ROBERT BALDERSTON
Attorney
U.S. Department of Health and
Human Services
Office of the General Counsel
Room 5309, Cohen Bldg.
330 Independence Ave, SW
Washington, DC 20201
(202) 619-3601
Facsimile: (202) 401-1405


_____
OF COUNSEL:

- 15 -

DANIEL MERON
General Counsel

MARK D. POLSTON
Acting Associate General Counsel
for Litigation
LAWRENCE J. HARDER
Acting Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUNDERSEN LUTHERAN )
MEDICAL CENTER, INC. )
 )
　　　　　Plaintiff, )
 )
　　　v. ) Case No. 1:06CV02195 (TFH)
 )
MICHAEL O. LEAVITT, )
Secretary of Health and Human Services, )
 )
　　　　　Defendant. )
_____ )

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Defendant hereby submits, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7(h), the following statement of material facts as to which there is no genuine dispute:

1. Gundersen Lutheran Medical Center (referred to as Gundersen Lutheran Hospital or "GLH") is an acute care hospital located in LaCrosse, Wisconsin that operates a renal dialysis facility. See Certified Administrative Record ("A.R.") at 3, 22.

2. On January 1, 2001, the Centers for Medicare & Medicaid Services ("CMS") implemented a revised end stage renal disease ("ESRD") composite rate. On July 2, 2001, the last day of the exception window, GLH submitted an exception request to its fiscal intermediary, the denial of which has become the subject of the instant action. A.R. 3, 22, 199.

3. By letter dated September 21, 2001, CMS notified the intermediary of its decision to deny the exception request. A.R. 893. September 21, 2001 was four days before the statutory

deadline of 60 working days, September 25, 2001.[1]

4.   The intermediary notified GLH that CMS had denied its request by letter dated October 1, 2001, A.R. 77, the 64th working day after GLH's request.

5.   Plaintiff timely appealed the exception denial to the Provider Reimbursement Review Board.  A.R. 925.

6.   On September 14, 2006, the PRRB issued its decision finding that because CMS failed "to notify the Provider of the determination within 60 working days as required by 42 U.S.C. § 1395rr(b)(7), the Provider's exception request is deemed approved."  A.R. 24.

7.   By letter dated September 25, 2007, the Administrator of CMS notified the parties that she would review the Board's decision.  A.R. at 15-16.

8.   On October 26, 2006, the Administrator reversed the Board's decision.  A.R. 2-7.  The Administrator found that the plain language of the statute only required that a request be "disapprove[d]" within 60 working days and, therefore, the statute "does not require that the Provider receive the disapproval, or have notice of the disapproval" within that time.  A.R. 6. The Administrator concluded that CMS's September 21, 2001 disapproval of Plaintiff's exception request "satisfied the statutory and regulatory requirements in that it was made within 60 working days after the request was filed with the Intermediary" and was therefore timely. A.R. 7.

9.   Plaintiff timely appealed the Administrator's decision.  It filed its Complaint on December 26, 2006, which is within 60 days of the Administrator mailing Plaintiff notice of her

---

[1] The September 25, 2001 date accounts for the federal holidays of 4th of July and Labor Day.  See A.R. 63-65 (2001 calendar showing date counts and federal holidays).  Plaintiff agrees that the 60th working day after July 2, 2001 was September 25, 2001. Pl's Mem. at 7.

decision. <u>See</u> A.R. 1; 42 C.F.R. § 405.1877(a).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/s/_____
CHARLOTTE A. ABEL
Assistant United States Attorney
D.C. Bar No. 388582
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332
Facsimile: (202) 514-8780


_____
_____ROBERT BALDERSTON
Attorney
U.S. Department of Health and
        Human Services
Office of the General Counsel
Room 5309, Cohen Bldg.
330 Independence Ave, SW
Washington, DC 20201
(202) 619-3601
Facsimile: (202) 401-1405

OF COUNSEL:

DANIEL MERON
General Counsel

MARK D. POLSTON
Acting Associate General Counsel
for Litigation

- 3 -

LAWRENCE J. HARDER
Acting Deputy Associate General
Counsel for Litigation

United States Department of Health and Human Services

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GUNDERSEN LUTHERAN           )
MEDICAL CENTER, INC.          )
                              )
            Plaintiff,        )
                              )
      v.                      )      Case No. 1:06CV02195 (TFH)
                              )
MICHAEL O. LEAVITT,           )
Secretary of Health and Human Services,  )
                              )
            Defendant.        )
_____)

**ORDER**

This matter comes before the Court on Cross Motions for Summary Judgment.  Based

upon the motions, oppositions and replies thereto, and the entire record herein, it is this ___ day

of _____, 2007  hereby

ORDERED that Plaintiff's motion is DENIED, and it is further

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that judgment shall be entered for Defendant, and that this matter is hereby

DISMISSED WITH PREJUDICE.

SO ORDERED.

_____
Thomas F. Hogan
United States District Judge

- 1 -