IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
GUNDERSEN LUTHERAN MEDICAL    )
CENTER, INC.                  )
                              )
Plaintiff,                    )
                              )
                              )
v.                            ) Civil No. 06-2195 (TFH)
                              )
                              )
MICHAEL O. LEAVITT, IN HIS    )
OFFICIAL CAPACITY AS SECRETARY)
OF HEALTH AND HUMAN SERVICES  )
                              )
Defendant,                    )
_____)

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Jeffrey A. Lovitky
D.C. Bar No. 404834
1776 K St., NW, Ste. 200
Washington, DC 20006
(202) 429-3393
Attorney for Plaintiffs

Dated: November 13, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

I. THE EXCEPTION REQUEST SHOULD BE DEEMED
APPROVED PURSUANT TO 42 U.S.C. §1395RR(B)(7) ........................... 1

II. THE SECRETARY'S COMPLIANCE WITH THE SIXTY
DAY REQUIREMENT MUST BE DETERMINED IN LIGHT
OF THE REQUIREMENTS OF THE FOIA .................................................. 7

CONCLUSION ....................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

Bennett v. Spear,
520 U.S. 154 (1997).................................................................................................. 5

Bristol-Myers Co. v. FTC,
598 F.2d 18 (D.C. Cir. 1978)..................................................................................... 8

Chem-Haulers, Inc. v. United States,
536 F.2d 610 (5th Cir. 1976) ..................................................................................... 4

Gallup v. Federal Energy Regulatory Com.,
702 F.2d 1116 (D.C. Cir. 1983) ............................................................................ 3,4,7

Matsushita Elec. Industrial Co. v. Epstein,
516 U.S. 367, 381 (1996)........................................................................................... 9

Monmouth Med. Ctr. v. Thompson,
257 F.3d 807 (D.C. Cir. 2001).................................................................................... 2

National Prison Project of ACLU Found., Inc. v. Sigler,
390 F. Supp. 789 (D.D.C 1975)................................................................................. 8

NLRB v. Sears, Roebuck & Co.,
421 U.S. 132 (1975)................................................................................................... 8

Smith v. Robinson,
468 U.S. 992 (1984)................................................................................................... 9

Sun Towers Inc., v. Heckler,
725 F.2d 315 (5th Cir. 1984), ................................................................................. 6,7

Tax Analysts & Advocates v. IRS,
362 F. Supp. 1298 (D.D.C. 1973).............................................................................. 9

Visiting Nurse Ass'n Gregoria Auffant, Inc. v. Thompson,
447 F.3d 68 (1st Cir. 2006),....................................................................................... 5

**Statutes**

5 U.S.C. § 552(a)(2) .................................................................................................. 8,9

5 U.S.C. § 552(a)(2)(A) ............................................................................................... 8

16 U.S.C. § 825l .......................................................................................................... 4

42 U.S.C. § 1395h(a) .................................................................................................. 2

42 U.S.C. § 1395kk-(a)(4)(e) ...................................................................................... 2

42 U.S.C. § 1395oo(f)(1) ............................................................................................ 5

42 U.S.C. §1395rr(b)(7) ..................................................................................... 1,2,9,10

**Rules**

Fed. R. Civ. P. 8(e) ..................................................................................................... 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
GUNDERSEN LUTHERAN MEDICAL      )
CENTER, INC.                    )
                                )
Plaintiff,                      )
                                )
                                )
v.                              ) Civil No. 06-2195 (TFH)
                                )
                                )
MICHAEL O. LEAVITT, IN HIS      )
OFFICIAL CAPACITY AS SECRETARY  )
OF HEALTH AND HUMAN SERVICES    )
                                )
Defendant,                      )
_____)

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to the schedule established by the Court, Gundersen Lutheran Medical Center ("Gundersen") submits its memorandum in reply to the Summary Judgment Memorandum of Defendant ("HHS"). For the reasons stated below, Gundersen asserts that its Motion for Summary Judgment should be granted, and Defendant's Motion for Summary Judgment should be denied.

**I. THE EXCEPTION REQUEST SHOULD BE DEEMED APPROVED PURSUANT TO 42 U.S.C. §1395RR(B)(7)**

1

Gundersen asserts that the exception request should be deemed approved because the intermediary did not furnish notification of the Secretary's disapproval until after the 60 working day period. This conclusion is not altered by the fact that the Secretary provided notification to the intermediary within the 60 day period.

The intermediary acts as the Secretary's agent for purposes of processing exception requests. <u>Monmouth Med. Ctr. v. Thompson</u>, 257 F.3d 807, 813 (D.C. Cir. 2001). The function of the intermediary is to communicate instructions from the Secretary to the provider.[1] 42 U.S.C. § 1395kk-1(a)(4)(e). As such, the Secretary's notification to the intermediary within the 60 day period was in reality nothing more than providing notification to itself.

The Secretary asserts that the statute merely required that the Secretary render his disapproval within the 60 day period. 42 U.S.C. §1395rr(b)(7). However this argument is fallacious; primarily because the agency official who rendered the disapproval did not bind himself to that decision simply by signing it and sending it to the intermediary. Rather, the disapproval became final only after it had been communicated to Gundersen.

---

[1] Intermediaries are now referred to as Medicare administrative contractors. 42 U.S.C. § 1395h(a).

For example, the agency official could sign the disapproval on the 57th working day and send it to the intermediary, without communicating that action to Gundersen. Then, on the 60th working day, the official could change his mind, and direct the intermediary not to send the disapproval. Then, on the 61st working day, the official could change his mind again, and direct the intermediary to mail the disapproval letter signed on the 57th working day to the provider.

In such an example, the official cannot be said to have rendered his disapproval on the 57th working day. This is because the action taken on the 57th working day was not final. Rather, as of the critical 60th working day, the official had reversed his decision.

The purpose of this illustration is to demonstrate that disapproval cannot be final merely because an official has signed a piece of paper, and furnished a copy of that paper to the intermediary. Rather, disapproval to be final requires some objective act of communicating the action to the Provider.

Gundersen asserts that the court's reasoning in Gallup v. Federal Energy Regulatory Com., 702 F.2d 1116 (D.C. Cir. 1983) strongly suggests that the September 21, 2001 denial letter did not become effective merely by virtue of being communicated to the intermediary within the 60 working day

3

period. In Gallup, the court was asked to construe what constitutes a final decision of the agency for purposes of triggering the judicial review provisions of the Federal Power Act, 16 U.S.C. § 825l. Id. The court held that a decision was not final while the agency was yet free to alter its conclusions. Id. The court stated as follows: "*A decision becomes a final decision when it is both complete and passes out of the control of the authority by being released to the interested parties or to the public in decisional form without any immediate intention of recall or reconsideration.*" 702 F.2d at 1123.

The courts have reached similar results with respect to petitions for review of agency actions filed under the Administrative Orders Review Act, 28 U.S.C. §§ 2341-2351. In Chem-Haulers, Inc. v. United States, 536 F.2d 610 (5th Cir. 1976), the court was asked to decide whether the 60 day time period for filing a petition for review of an agency order commenced on the date the order was issued, or on the date the order was released to the public. The court held that the time period began on the date the order became a matter of public record. In reaching this conclusion, the court noted that the date of issuance of the order could not logically serve as the starting date, because such an interpretation would permit an agency to shield itself from judicial review by delaying release of its decision. Id. This rationale applies

4

equally in the present case, as CMS could shield itself from all possible appeals to the PRRB simply by delaying release of its decision. See 42 C.F.R. § 413.194(c)(1) (provider has 180 days from the "*date of the decision*" to appeal the CMS denial to the PRRB).

The cases construing the final agency action requirement for purposes of the judicial review provisions of the Administrative Procedure Act ("APA") are also instructive. See 5 U.S.C. § 704. Agency action is not final if it is tentative, as opposed to binding. Bennett v. Spear, 520 U.S. 154, 177-78 (1997). The core inquiry is whether the agency has actually consummated the decisionmaking process. Id.

In the present case, the denial letter was still tentative as of September 25, 2001, because by that date the deciding official had communicated the denial only to his agent. As such, the deciding official had not yet committed himself to a course of action. Only by communicating the decision to the Provider could the disapproval be made final.

The cases cited by the Defendant are clearly inapposite. In Visiting Nurse Ass'n Gregoria Auffant, Inc. v. Thompson, 447 F.3d 68 (1st Cir. 2006), the court found that the Secretary was required only to render, as opposed to mailing, his decision within the 60 day period prescribed by 42 U.S.C. § 1395oo(f)(1). However, in reaching its decision, the court relied

5

upon the "plain language" of the Secretary's regulations implementing the statute. 447 F.3d at 73-74. In the present case, the Secretary has never issued any regulations interpreting what the Secretary concedes is an ambiguous statute. See Sec. Br. 13 ("Because the statute does not speak directly to when the Provider must be given notice of the disapproval, it is ambiguous in this respect").

Defendant further relies upon Sun Towers, Inc. v. Heckler, 725 F.2d 315 (5th Cir. 1984), in support of its assertion that the decision became effective on the date it was rendered. However, in Sun Towers, the court relied upon the fact that a master control sheet, attached to the file, was signed and dated by each person taking action on the matter. 725 F.2d at 324. The Secretary asserted in that case that the decision became effective when the Administrator both signed the decision, and signed the control sheet accompanying the file. Id.

In the present case, there was no master control sheet. The agency official was free to change his mind, and to direct the intermediary to return or destroy the September 21, 2001 letter, without necessarily preserving any documentary record thereof.

Gundersen urges that this Court adopt the rationale in Gallup v. Federal Energy Regulatory Com., 702 F.2d 1116, 1123 (D.C. Cir. 1983), in

6

which the court held that a decision does not become final until it "pa*sses out of the control of the authority by being released to the interested parties or to the public...*" As such, the Secretary's denial did not become final until October 1, 2001, on which date the denial letter was mailed to the Provider. AR 200. This date was subsequent to the 60th working day, which fell on September 25, 2001.

## II. THE SECRETARY'S COMPLIANCE WITH THE SIXTY DAY REQUIREMENT MUST BE DETERMINED IN LIGHT OF THE REQUIREMENTS OF THE FOIA

The Secretary does not contest that the CMS denial letter dated September 21, 2001 was not indexed or made available for public inspection in the agency's FOIA Reading Room or in any electronic reading room. See Plaintiff's Rule 7.1 Statement of Material Facts Not in Dispute ¶ 9. See LCvR 7.1(h) (each statement of material fact shall be deemed admitted unless specifically controverted in the opposition.). Rather, the Secretary asserts that the Freedom of Information Act ("FOIA") is irrelevant to the issue of whether the Secretary complied with the 60 working day requirement. Sec. Br. 14. The Secretary's argument cannot bear scrutiny in light of the plain requirements of the FOIA.

Under FOIA, a "final opinion" or "order" cannot be "used" or "relied on" until the agency has either (a) placed a copy of the denial letter in the

7

agency's electronic reading room, or (b) provided a copy of the denial letter to Gundersen. See 5 U.S.C. § 552(a)(2). Accordingly, the September 21, 2001 denial letter did not become effective until such time as the agency complied with the relevant FOIA requirements.

That the September 21, 2001 denial was a "final opinion" or "order" within the context of the FOIA is not altered by the fact that it was appealable.[2] In NLRB v. Sears, Roebuck & Co., 421 U.S. 132 (1975), the Supreme Court determined that Advice Memorandums issued by the NLRB were final dispositions which must be indexed and published under 5 U.S.C. § 552(a)(2)(A). The Court reached this decision, even though it specifically noted that the Advice Memorandum may be overturned by an Appeals Memorandum issued by the General Counsel of the NLRB. 421 U.S. at 159, fn. 25.

The fact that the September 21, 2001 denial letter lacked precedential effect also does not exempt it from the disclosure requirements of 5 U.S.C. §

---

[2] Gundersen acknowledges an apparent inconsistency between its assertion that the denial letter dated September 21, 2001 was not final, and its assertion that the denial letter constituted a "final opinion" or "order" within the context of FOIA. 5 U.S.C. § 552(a)(2). See Gundersen Br. 11. However, under either legal theory, the denial letters were not effective as of September 21st. A party may plead all of its separate claims regardless of consistency. Fed. R. Civ. P. 8(e). In any event, even pre-decisional documents may be covered by the public disclosure provisions of 5 U.S.C. § 552(a)(2). Bristol-Myers Co. v. FTC, 598 F.2d 18, 24 (D.C. Cir. 1978).

552(a)(2). In National Prison Project of ACLU Found., Inc. v. Sigler, 390 F. Supp. 789, 793 (D.D.C 1975), the court expressly rejected any suggestion that the public disclosure requirements of 5 U.S.C. § 552(a)(2) are limited to those decisions having precedential effect. Similarly, in Tax Analysts & Advocates v. IRS, 362 F. Supp. 1298 (D.D.C. 1973), the court ruled that even agency interpretations of "very unique applicability" are subject to the public disclosure requirements of 5 U.S.C. § 552(a)(2). Id.

  The Secretary further asserts that the FOIA provisions are overridden by the specific timeframes for adjudicating exception requests contained in 42 U.S.C. §1395rr(b)(7). Sec. Br. 14. However, the fact that the Secretary must adhere to the specific statutory deadlines contained in 42 U.S.C. §1395rr(b)(7) does not undermine the applicability of the general FOIA provisions, unless the two statutes are in irreconcilable conflict. See Smith v. Robinson, 468 U.S. 992, 1024 (1984) ("Accordingly, our guide must be the familiar principle of statutory construction that conflicting statutes should be interpreted so as to give effect to each but to allow a later enacted, more specific statute to amend an earlier, more general statute only to the extent of the repugnancy between the two statutes." Emphasis added.) As noted in Matsushita Elec. Industrial Co. v. Epstein, 516 U.S. 367, 381 (1996), "The rarity with which [the Court has] discovered implied repeals is due to the

9

relatively stringent standard for such findings, namely, that there be an irreconcilable conflict between the two federal statutes at issue." (internal quotation marks omitted).

The Secretary has not, and cannot demonstrate an irreconcilable conflict between the two statutes. Gundersen's construction would not impose upon the Secretary a shorter deadline than the 60 day period permitted by 42 U.S.C. §1395rr(b)(7). The parties are in agreement that the 60th working day after submission of the exception request was September 25, 2001. By that date, the Secretary was required to render an effective disapproval, which required either (a) placing a copy of the disapproval in the agency's electronic reading room, or (b) providing a copy of the disapproval to Gundersen. However, regardless of the method chosen, the Secretary would still have the same 60 days in which to render his disapproval.

## CONCLUSION

For the foregoing reasons and for the reasons set out in Plaintiff's opening brief, Plaintiff's motion for summary judgment should be granted, and the Secretary's cross-motion for summary judgment should be denied.

DATED: November 13, 2007

Respectfully submitted,
/s

_____
JEFFREY A. LOVITKY
Attorney at Law
1776 K Street, NW, Ste. 200
Washington, DC 20006
(202)429-3393
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUNDERSEN LUTHERAN MEDICAL CENTER, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 06-2195 (TFH) ) ) |
| MICHAEL O. LEAVITT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH AND HUMAN SERVICES | ) ) ) ) |
| Defendant, | ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 7.1
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to LCvR 7.1(h) of the local rules of United States District Court for the District of Columbia, Plaintiffs hereby responds to Defendant's Rule 7.1 Statement of Material Facts Not in Dispute ("Defendant's Statement").

7. The letter from the Administrator of CMS notifying the parties that she would review the Board's decision was dated September 25, 2006. AR 15-16.

1

DATED: November 13, 2007

                       Respectfully submitted,

                       /s
                       _____
                       JEFFREY A. LOVITKY
                       Attorney at Law
                       1776 K Street, NW, Ste. 200
                       Washington, DC 20006
                       (202) 429-3393
                       Attorney for Plaintiffs