IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GUNDERSEN LUTHERAN MEDICAL CENTER, INC. ) ) ) Plaintiff, ) ) ) v. ) ) ) MICHAEL O. LEAVITT, IN HIS ) OFFICIAL CAPACITY AS SECRETARY ) OF HEALTH AND HUMAN SERVICES ) ) Defendant, ) | Civil No. 06-2195 (TFH) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff, Gundersen Lutheran Medical Center, by and through its undersigned counsel, respectfully seeks leave to file a surreply in the above mentioned case. In support of the instant motion, Plaintiff states as follows:

1. By order dated July 10, 2007, the Court established the following briefing schedule: Plaintiff's Motion for Summary Judgment – September 4, 2007; Defendants' Oppositions and Cross Motions- October 9, 2007; Plaintiff's Opposition and Reply – November 13, 2007; Defendants' Replies – December 18, 2007.

2. The briefs filed by the Defendant in this case urge the Court to adopt the deferential standard of review required by <u>Chevron USA, Inc. v. Natural Resources Defense Council, Inc</u>., 467 U.S. 837, 842 (1984).  See Def. Mem. of Points & Authorities, Doc #22, pp. 3-4; Def. Mem. of Points & Authorities, Doc #15-2, p. 9.

3. The CMS web site states as follows:

*Under Section 1878 of the Social Security Act and the regulations at 42 C.F.R. 405.1875, the Administrator of the Centers for Medicare & Medicaid Services has the authority to review decisions rendered by the Provider Reimbursement Review Board and to issue final Agency decisions for the Secretary of the Department of Health and Human Services. <u>This site provides access to Administrative Review Decisions beginning in 2003</u>.[1] (Emphasis added).*

4. Plaintiff's counsel visited the CMS web site previously, and assumed based on the foregoing statement that recent Administrator decisions were published therein.  However, in the context of a separate matter last week, Plaintiff's counsel attempted to retrieve a copy of a decision, only to realize that the agency's statement as to the information on its web site was misleading.  In fact, the CMS web site does not contain any Administrator decisions subsequent to 2004.

5. The Freedom of Information Act ("FOIA") requires that all "(A) final opinions, including concurring and dissenting opinions, as well as

---

[1] http://www.cms.hhs.gov/OfficeAttorneyAdvisor/OAA/list.asp (last visited Feb. 6, 2008).

orders, made in the adjudication of cases" be published electronically. 5 U.S.C. § 552(a)(2)(A). FOIA further requires the electronic publication of an index to these decisions. 5 U.S.C. § 552(a)(2)(E). FOIA also precludes reliance by the agency on any unpublished orders or opinions. 5 U.S.C. § 552(a)(2).

      6. Plaintiff asserts that agency decisions which are not published in accordance with the provisions of the FOIA do not warrant deference under the <u>Chevron</u> standard, and that this issue is appropriate for supplemental briefing. Plaintiff accordingly requests leave to file a surreply on this issue. Plaintiff has no objection to the filing of a subsequent response by the Defendant.

      7. Defendant does not consent to this motion, and stated an intent to file an opposition with the Court.

      8. The surreply which Plaintiff seeks leave to file, and a proposed Order, are attached.

      WHEREFORE, Plaintiff respectfully requests that this Motion for Leave be granted.

DATED: February 7, 2008

Respectfully submitted,


/s
JEFFREY A. LOVITKY
(D.C. Bar No. 404834)
Attorney at Law
1776 K. Street, N.W., Suite 200
Washington, D.C. 20006
(202) 429-3393

Counsel for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUNDERSEN LUTHERAN MEDICAL CENTER, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 06-2195 (TFH) ) ) |
| MICHAEL O. LEAVITT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH AND HUMAN SERVICES | ) ) ) ) |
| Defendant, | ) ) |

## ORDER

Having considered Plaintiff's motion for leave to file a surreply, it is this __ day of ___, 2008,

**ORDERED** that Plaintiff's motion for leave be granted, and it is further

**ORDERED,** that Plaintiff's surreply be deemed filed as of the date of the filing of the motion for leave.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
GUNDERSEN LUTHERAN MEDICAL        )
CENTER, INC.                      )
                                  )
Plaintiff,                        )
                                  )
                                  )
v.                                ) Civil No. 06-2195 (TFH)
                                  )
                                  )
MICHAEL O. LEAVITT, IN HIS        )
OFFICIAL CAPACITY AS SECRETARY    )
OF HEALTH AND HUMAN SERVICES      )
                                  )
Defendant,                        )
_____)
```

**PLAINTIFF'S SURREPLY**

Plaintiff hereby submits this Surreply to Defendant's Reply. The Defendant argues that the Administrator's decision dated October 26, 2006 is entitled to the deferential standard of review required under Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984). See Def. Mem. of Points & Authorities, Doc #22, pp. 3-4; Def. Mem. of Points & Authorities, Doc #15-2, p. 9.  Under Chevron, an agency's interpretation must be accepted so long as it is a "permissible construction of the statute." Chevron, 467 U.S., at 843.

For the reasons stated herein, the Administrator's decision dated October 26, 2006 does not warrant deference under <u>Chevron</u>, because it was not published as required by the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

I.   THE DECISION OF THE CMS ADMINISTRATOR IS NOT ENTITLED TO DEFERENCE UNDER <u>CHEVRON</u>

The FOIA requires the publication of all "(A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases." 5 U.S.C. § 552(a)(2)(A). The above cited provision of the FOIA mandates what is commonly referred to as "reading room" access. There is no requirement that a request be made to obtain access to such documents. See <u>Jordan v. United States DOJ</u>, 591 F.2d 753, 756 (D.C. Cir. 1978) (en banc) (information falling within 5 U.S.C. § 552(a)(2)(A) must be made *"automatically available for public inspection; no demand is necessary."*). Moreover, such documents must be available in an agency's physical reading room, and with respect to records created after November 1, 1996, by means of computer telecommunications. 5 U.S.C. § 552(a)(2). As noted in guidance documents issued by the Department of Justice, the FOIA reading room provisions establish an "absolute requirement of Internet

2

use by all agencies." See Department of Justice Freedom of Information Act Guide, FOIA Reading Rooms, fn. 34.[1]

FOIA further precludes reliance by an agency on any orders or opinions which were not published in accordance with its provisions. 5 U.S.C. § 552(a)(2). Thus, the statute states in pertinent part as follows:

> *A final order, opinion, statement of policy, interpretation, or staff manual or instruction that affects a member of the public may be relied on, used, or cited as precedent by an agency against a party other than an agency only if--*
> *(i) it has been indexed and either made available or published as provided by this paragraph; or*
> *(ii) the party has actual and timely notice of the terms thereof.*

See 5 U.S.C. § 552(a)(2)

There can be no doubt that the Administrator's decision in this case constituted a final order. The term "order" is defined as "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing." 5 U.S.C. § 551(6). The Administrator's decision represented the final conclusion of the administrative process. This decision contained the following notation in large font, upper case letters: "THIS CONSTITUTES THE FINAL ADMINISTRATIVE DECISION OF THE SECRETARY OF HEALTH AND HUMAN SERVICES." Gundersen AR

---

[1] The FOIA Guide is available on the internet at http://www.usdoj.gov/oip/foi-act.htm

3

at 7. As such, the Administrator's decision clearly fell within FOIA's publication requirements.

It would do the utmost violence to FOIA were a court to give deference under <u>Chevron</u> to an interpretation which an agency improperly failed to publish. By its terms, FOIA expressly precludes such an interpretation from either being "used" or "relied upon." <u>See</u> 5 U.S.C. § 552(a)(2). Affording deference under <u>Chevron</u> to an unpublished interpretation would indeed constitute a use or reliance which is expressly prohibited by statute.

The agency may assert that reliance upon the interpretation contained in the Administrator's final decision is allowed because the Plaintiff had "timely notice" thereof. Thus, the Administrator's decision appears to have been mailed to the Plaintiff's representative shortly after being issued. Gundersen AR at 1.

However, this argument cannot withstand scrutiny. Plaintiff had notice of the Administrator's interpretation only after the administrative process had already been concluded. It is correct that the agency argued in its pleadings before the PRRB and the Administrator that the denial letter was effective as of the date it was signed. However, litigating positions taken by government lawyers generally do not warrant any deference

whatsoever, let alone deference under the heightened <u>Chevron</u> standard. <u>See</u> <u>Bowen v. Georgetown Univ. Hosp.</u>, 488 U.S. 204, 212 (1988).

In <u>United States v. Mead Corp.</u>, 533 U.S. 218, 228 (2001), the Supreme Court noted that courts generally look to an agency's consistency, and formality, in determining the degree of deference warranted to its interpretation of a statute. An agency cannot consistently apply an interpretation which it is expressly precluded from relying upon. An unpublished interpretation simply cannot warrant the high degree of deference mandated by <u>Chevron</u>. <u>See</u> <u>also</u> <u>Mizrahi v. Gonzales</u>, 492 F.3d 156, 158 (2nd Cir. 2007) (noting that unpublished decisions of the Board of Immigration Appeals ("BIA") are not entitled to deference under <u>Chevron)</u>; <u>Perez-Enriquez v. Gonzales</u>, 463 F.3d 1007, 1013 (9th Cir. 2006) (also declining to afford <u>Chevron</u> deference to unpublished BIA decisions).

In sum, this Court should not afford deference to the Administrator's interpretation of the Medicare statute. Such deference is not warranted, as the Administrator's decision was not published in accordance with the provisions of the FOIA.

Respectfully submitted,

/s
JEFFREY A. LOVITKY
(D.C. Bar No. 404834)
Attorney at Law
1776 K Street, N.W. Suite 200
Washington, D.C. 20006
(202) 429-3393

Counsel for the Plaintiff