UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUNDERSEN LUTHERAN ) | |
| MEDICAL CENTER, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06CV02195 (TFH) |
| ) | |
| MICHAEL O. LEAVITT, ) | |
| Secretary of Health and Human Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SURREPLY**

Defendant, through counsel, submits the following in opposition to Plaintiff's Motion for Leave to File Surreply ("Plaintiff's motion"). Plaintiff's motion suffers from three defects. First, it does not meet the relevant legal standard. Second, it is based on a mistaken factual premise. Third, it is irrelevant.

"A surreply may be filed only by leave of Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." Randolph v. ING Life Ins. & Annuity Co., 486 F. Supp. 2d 1, 9 n.5 (D.D.C. 2007) (quoting United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002)). Here, Plaintiff's motion does not meet the relevant legal standard. Plaintiff asks this Court for leave to file a surreply addressing its contention that certain of the agency's administrative decisions have not been posted on the agency's website and, accordingly, the Secretary's decision in this case is somehow entitled to less deference from this Court. Pl.'s Mot. at 2-3. This argument was available to Plaintiff when it submitted its two briefs in this case and is not offered in response to

anything contained in the Secretary's reply memorandum.

Plaintiff's motion does not even mention, let alone demonstrate how it meets, the relevant legal test for leave to file a surreply. Plaintiff's motion does not mention the Secretary's reply brief, nor does it state why Plaintiff could not have made its proposed arguments, in full, when it submitted its motion for summary judgment on September 4, 2007, or when it submitted an opposition to the Secretary's motion for summary judgment and reply on November 13, 2007. Plaintiff asks this Court for leave to file a surreply simply because it has thought of something else it would like to say. Such an attempt to extend the briefing in this matter should not be indulged – at some point, successive rounds of briefing need to come to an end. See Archdiocese of Milwaukee v. Underwriters at Lloyd's, London, 955 F. Supp. 1066, 1070 (E.D. Wis. 1997) (observing that "[i]f the defendant's [surreply] brief is permitted, the plaintiffs may wish to file a reply to defendant's surreply," and noting that "at some point, briefing must end"); see also Arakelian v. Nat'l Western Life Ins. Co., 126 F.R.D. 1, 3 (D.D.C. 1989) (observing that "[t]he Local Rules do not provide for the filing of a surreply, nor do the Federal Rules of Civil Procedure," and upholding the magistrate judge's decision "to limit an endless series of arguments and motions by denying plaintiffs' motion for leave to file a surreply"). The Secretary respectfully submits that Plaintiff has not provided this Court with sufficient reason to permit it to file a surreply when it does not allege that there are any new matters raised in the Secretary's reply brief, and when it has not pointed to any new factual developments[1] subsequent to its last substantive filing that might justify the filing of a surreply.

---

[1] According to Plaintiff, "the CMS web site does not contain any Administrator decisions subsequent to 2004." Pl.'s Mot. at 2. Of course, this is not a factual development subsequent to its last substantive filing in November 2007.

Plaintiff's motion is also based upon a mistaken factual premise. Plaintiff suggests that the Secretary has relied upon unpublished orders or opinions. As an initial matter, while Plaintiff is now complaining that the administrative decision in this case is not posted on the agency's website, Plaintiff does not (and cannot) allege that Plaintiff did not receive actual notice of the Secretary's administrative decision. In fact, Plaintiff admits that it received "timely notice" of the decision. See Pl.'s [Proposed] Surreply at 4.

Moreover, the Secretary's decision in this case is published by – and available from – a number of sources. The agency routinely forwards decisions made on behalf of the Secretary under 42 U.S.C. § 1395oo(f)(1) to both Westlaw and CCH[2] for publication. The decision at issue here is available from both of these sources. See Gundersen Lutheran Hosp. v. Blue Cross Blue Shield Ass'n, CMS Admin. Decision, 2006 WL 3923174 (H.C.F.A. Oct. 26, 2006); Gundersen Lutheran Hosp. v. Blue Cross Blue Shield Ass'n, CMS Admin. Decision, CCH Medicare and Medicaid Guide ¶ 81,633 (Oct. 26, 2006). Thus, this case is clearly distinguishable from the two circuit court cases cited by Plaintiff where the courts declined to give Chevron deference to "unpublished" decisions of the Board of Immigration Appeals. See Pl.'s [Proposed] Surreply at 5. The administrative decision in this case is published, is available in a searchable form, and can be cited to the agency, this Court, or any other relevant legal body. Thus, even a glance at the merits of Plaintiff's proposed surreply indicates that it contains a mistaken argument. It is apparent that the administrative decision that is now being reviewed in this Court is a final decision of the Secretary that was provided to Plaintiff, has been published,

---

[2] CCH is a company that, like Westlaw, provides reproductions of CMS Administrator decisions and PRRB decisions. See http://health.cch.com/complaince/Cases-Decisions.asp.

and is available to be cited as the Secretary's interpretation of the Medicare statute and thus, for all the reasons set forth in the Secretary's motion for summary judgment and opposition and reply, is entitled to deference under <u>Chevron, U.S.A. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842-43 (1984).  Plaintiff's desperate argument to the contrary should be rejected.

Finally, Plaintiff's proposed surreply is superfluous because the parties' briefs have already addressed any purported relevance of FOIA to this matter.  <u>See</u> Pl.'s MSJ at 10-12; Def.'s MSJ at 14-15; Pl.'s Reply at 7-10; Def.'s Reply at 7-9.[3]  Defendant has already explained that the issue before this Court is whether the Secretary timely disapproved Plaintiff's request for an exception to certain Medicare payment rates, not whether the Secretary is in compliance with FOIA.  Def.'s Reply at 8-9.  It is difficult to understand how Plaintiff's proposed surreply – which would only serve to interject yet another aspect of FOIA – would assist this Court when Plaintiff's assertions of jurisdiction and basis for relief are premised on the Medicare Act and the Administrative Procedure Act, not FOIA.  <u>See</u> Compl. ¶¶ 2-3, 28-30.

---

[3] These filings, respectively, were originally captioned as follows: Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment; Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment; Reply Memorandum in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Cross-Motion for Summary Judgment; and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

  For the foregoing reasons, the Secretary respectfully requests that Plaintiff's Motion for Leave to File Surreply be denied.

          Respectfully submitted,

          _____/s/_____
          JEFFREY A. TAYLOR
          United States Attorney
          D.C. Bar No. 498610

          _____/s/_____
          CHRISTOPHER B. HARWOOD
          Assistant United States Attorney
          Civil Division
          555 4th Street, N.W.
          Washington, D.C. 20530
          (202) 307-0372
          Facsimile: (202) 514-8780

          _____/s/_____
          ROBERT BALDERSTON
          Attorney
          U.S. Department of Health and
           Human Services
          Office of the General Counsel
          Room 5309, Cohen Bldg.
          330 Independence Ave, SW
          Washington, DC 20201
          (202) 619-3601
          Facsimile: (202) 401-1405

<u>OF COUNSEL</u>:

JAMES C. STANSEL
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General Counsel
 for Litigation

United States Department of
 Health & Human Services