UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUNDERSEN LUTHERAN MEDICAL CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES E. JOHNSON, <br> Acting Secretary, United States Department of Health and Human Services, <br><br> Defendant. | Civil Action No. 06-2195 <br> TFH/DAR |

**REPORT AND RECOMMENDATION**[1]

Gundersen Lutheran Medical Center ("Plaintiff") is a full-service hospital located in La Crosse, Wisconsin, which provides outpatient hemodialysis services to individuals with end stage renal disease ("ESRD"). In this action, Plaintiff challenges the final decision rendered by the Secretary of the United States Department of Health and Human Services ("Secretary") denying Plaintiff's request for an exception to the method for determining the prospective Medicare payment rate for dialysis treatments. Defendant maintains that his decision was proper pursuant to the terms of the applicable statutes and regulations. Pending for consideration by the undersigned United States Magistrate Judge are Plaintiff's Motion for Summary Judgment (Document No. 12), and Defendant's Motion for Summary Judgment (Document No. 15).

Upon consideration of the motions; the memorandum in support thereof and in opposition thereto; the administrative record, and the entire record herein, the undersigned recommends that

---

[1] The Court has substituted the Acting Secretary as Defendant in place of his predecessor, Michael O. Leavitt, who had been a party to this suit in his official capacity only. *See* Fed.R.Civ.P. 25(d)(1).

Plaintiff's motion for summary judgment be denied, and that Defendant's motion for summary judgment be granted.

## I. BACKGROUND

*(A) Statutory and Regulatory Framework*

This action arises under Title XVIII of the Social Security Act, more commonly known as the Medicare Act, a statutory scheme by which Congress established a federally funded health insurance program for the elderly and disabled. *See* 42 U.S.C. §§ 1395 *et seq*. At issue in this action are provisions which govern the cost reimbursements to providers of service ("Providers") rendering outpatient dialysis treatment to qualified individuals for end stage renal disease ("ESRD"). *See* 42 U.S.C. § 1395rr(b)(7) (2001). Reimbursement is administered by the Centers for Medicare and Medicaid Services ("CMS"), formerly the Health Care Financing Administration ("HCFA"), under the direction of the Secretary of the United States Department of Health and Human Services ("Secretary").[2] 42 C.F.R. § 413.170(a) (2001).[3] Medicare reimbursement payments are determined by

> a method (or methods) for determining prospectively the amounts of payments to be made for dialysis services furnished by providers of services[.] . . . Such method (or methods) shall provide for the prospective determination of a rate (or rates) for each mode of care based on a single composite weighted formula (which takes into account the mix of patients who receive dialysis services at a facility . . . and the relative costs of providing such services in such setting) for hospital-based facilities . . . or based on such other method or combination of methods . . . which the Secretary

---

[2] The reimbursement payments of the cost for services rendered by providers of service are made through private entities, known as fiscal intermediaries. *See* U.S.C. § 1395h; *see also* 42 C.F.R. § 413.180 (2001).

[3] The court cites, where appropriate, the 2001 version of the Regulations that were in effect at the time Plaintiff filed its request for a payment rate exception.

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                          3

>    determines, after detailed analysis, will more effectively encourage
>    the more efficient delivery of dialysis services[.]

42 U.S.C. § 1395rr(b)(7) (2001).  Providers are authorized by statute to obtain "exceptions to such methods as may be warranted by unusual circumstances[.]" *Id*.

The Secretary has promulgated regulations enumerating the circumstances warranting an exception to the "method (or methods)" used for "the prospective determination of a rate (or rates)" which determine the amounts of payment to be made for dialysis services. *Id.; see also* 42 C.F.R. § 413.180 (2001). Providers seeking such a "payment rate exception" must submit to CMS materials specified in the implementing regulations, and at the request of CMS, which are necessary for CMS to "adjudicate each type of exception." *Id*. § 413.180(f). In pertinent part, Providers must request a payment rate exception "within 180 days of . . . the effective date that CMS opens the exceptions process[.]" *Id*. § 413.180(d)(2). The statute provides that "[e]ach application for such an exception shall be deemed to be approved unless the Secretary disapproves it by not later than 60 working days after the date the application is filed." 42 U.S.C. § 1395rr(b)(7) (2001); *see also* 42 C.F.R § 413.180(h) (2001) ("An exception request is deemed approved unless it is disapproved within 60 working days after it is filed with its intermediary.").[4]

In the event that CMS determines that a provider has failed to meet its burden of demonstrating that a payment rate exception is warranted, the provider may seek administrative review of CMS's decision. *See* 42 C.F.R. § 413.194(b) (2001). "The Provider Reimbursement Review Board ("Board") has the authority to review the action taken by CMS on the facility's requests. However, the [Board's] decision is subject to review by the Administrator [of

---

[4] 70 Fed. Reg. 70116, 70331 (November 21, 2005), redesignated this subsection, in full text, effective January 1, 2006, to 42 C.F.R. § 413.180(g).

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                              4

CMS][.]" *Id*. § 413.194(b)(2) (2001). "A decision of the Board shall be final unless the Secretary, on its own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision." *See* 42 U.S.C. § 1395oo(f)(1) (2001). Moreover, a provider of service has the "right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or . . . by the Secretary is received." *Id*.

(B) *Factual and Procedural Background*

Plaintiff is "a 291-bed, full-service hospital" that is "certified as a provider of services under the federal Medicare program." *See* Complaint for Judicial Review of Final Adverse Agency Decision on Medicare Reimbursement ("Complaint") (Document No. 1), ¶¶ 5-6. On July 2, 2001, pursuant to 42 U.S.C. § 1395rr(b)(7), Plaintiff submitted a request for a payment rate exception to United Government Services, LLC, the Secretary's fiscal intermediary ("Intermediary"). *See* Administrative Record ("A.R.") 3, 22, 925. Plaintiff's request for a payment rate exception was predicated upon its contention that it met the Atypical Service Intensity criterion developed by CMS (A.R. 82); Plaintiff's "requested payment relief" included an $27.18 payment increase of for each hemodialysis treatment it provided. A.R. 112. The sixtieth working day after July 2, 2001 was September 25, 2001. *See* A.R. 63-65 (2001 calendar denoting the sixty-working days after July 2, 2001).

By letter dated September 21, 2001, CMS advised the Intermediary that "[Plaintiff's]

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                                5

exception request is denied." A.R. 205;[5] *see also* A.R. 63-65.  The Intermediary, by a letter dated October 1, 2001, notified Plaintiff that "CMS has concluded that this ['exception request filed under the prospective (composite rate) payment system[,]'] be **denied in its entirety** because [Plaintiff] has not demonstrated an atypical patient mix based on the evidence presented." A.R. 206.[6]  Plaintiff appealed CMS' decision to the Board. A.R. 925.

On September 14, 2006, the Board rendered its decision (*see* A.R. 20-25 (Provider Reimbursement Review Board Decision)) observing that "[t]he parties . . . stipulated that the sole issue before the [Board] is the timely notification of CMS' decision by the Intermediary.  The actual exception request denial by CMS is not at issue before the Board." A.R. 22 (footnote omitted).  The Board found "because CMS failed to 'notify [Plaintiff] of the determination within 60 working days as required by 42 U.S.C. § 1395rr(b)(7), [Plaintiff's] exception request is deemed approved.'" A.R. 24.  In support of its decision, the Board found that (1) "Congressional intent is frustrated if CMS fails to timely send notice of its decision [to the Provider][]"; (2) time limits created in the 42 C.F.R. § 413.180(h) should be strictly enforced against CMS, just as they are against the provider seeking an exception from the composite rate; (3) a literal reading of the applicable regulation "ignores the reality that notice is essential to the exception process and to fundamental notions of due process." A.R. 23.

On September 25, 2006, pursuant to 42 U.S.C. § 1395oo(f)(1), the Administrator of CMS notified Plaintiff and the Intermediary that the Board's decision would be reviewed.  *See* A.R.

---

[5] September 21, 2001 letter from Joseph Logue, Health Insurance Specialist, Division of Chronic Care Management to John P. Stoll, Manager, Medicare Provider Reimbursement, United Government Services, LLC. *See* A.R. 202-05.

[6] October 1, 2001 letter from the John Stoll, Manager, Provider Reimbursement to Mike Lefevre, CPA, Gundersen Lutheran Hospital.  *See* A.R. 206-09.

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                                                                  6

15-16. On October 26, 2006, the Administrator reversed the Board's decision (*see* A.R. 2-7 (Centers for Medicare and Medicaid Services Decision of the Administrator, dated September 14, 2006)) finding that "CMS' September 21, 2001 disapproval of the Provider's exception request satisfied the statutory and regulatory requirements in that it was made within 60 working days after the request was filed with the Intermediary." A.R. 7. The Administrator further observed that the applicable regulation and "statute does not state that the actual notice of the disapproval must be issued by, or <u>received</u> by, the provider within 60 working days after the application is filed." A.R. 6 (footnote omitted).[7] This decision constituted final agency action (*see* 42 U.S.C. § 1395oo(f)(1)) from which Plaintiff seeks judicial review.

**II. CONTENTIONS OF THE PARTIES**

Plaintiff and Defendant cross-move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, alleging that there are no genuine issues as to any material fact and that each is entitled to summary judgment as a matter of law. Plaintiff, in support of its motion for summary judgment, contends that the only issue presented in the instant action is "[s]hould the exception request have been deemed approved pursuant to 42 U.S.C. § 1395rr(b)(7)." *See* Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment ("Plaintiff's Memorandum") (Document No. 12) at 5. Plaintiff offers three grounds in support of its motion: (1) Plaintiff's request for a payment rate exception "should be deemed approved because the Secretary did not provide notification to [Plaintiff] of its disapproval until after the 60 working day period[]" (*id*. at 6); (2) the Administrator's

---

[7] In its review of the Board's decision, the Administrator did not make any findings concerning the substantive determination by CMS that Plaintiff failed to satisfied the criteria for an atypical service intensity exception. *See* A.R. 2-7.

Gundersen Lutheran Medical Center, Inc. v. Johnson												7

"rationale" that the statute does not require the Secretary to notify the Provider within the sixty-working day period of its decision on a request for payment rate exception is "inconsistent with congressional intent[]" (*id.* at 7); and (3) "[t]he denial letters [sic] dated September 21, 2001 . . . were subject to the indexing and disclosure requirements of [the Freedom of Information Act ("FOIA")][,] 5 U.S.C. § 552(a)(2)(A)[]" but "was not indexed or published in the publication known as CMS Rulings[.]" *Id.* at 11.  Further, Plaintiff contends that because CMS failed to index or publish its September 21, 2001 denial letter in the publication known as CMS Rulings, the denial letter "could not have been '*relied on*' or '*used*' against Gundersen until such time as the latter received '*actual*' notice thereof." *Id*. at 11-12 (citation omitted).  Plaintiff claims that the Secretary's "denial of its request for an exception to the Medicare prospectively determined payment rate for dialysis treatments . . . constituted arbitrary and capricious agency action in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)." *Id.* at 1.

      Defendant, in his motion for summary judgment and opposition to Plaintiff's motion for summary judgment, submits that "the Secretary acted in full compliance with all statutory and regulatory requirements . . . and his interpretation of the Medicare statute was reasonable and should be upheld." *See* Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Memorandum") (Document Nos. 15, 16) at 10.  In support of his contention, Defendant asserts that  (1) the applicable statute and implementing regulation, by their terms, require only that he disapprove a request for a payment rate exception within the sixty-working day limit (*see id*. at 10-12); (2) CMS notified the Intermediary, "[b]y letter dated September 21, 2001" of its decision to deny Plaintiff's request for a payment rate exception (*id*.

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                                8

at 5); (3) the Secretary's interpretation of 42 U.S.C. § 1395rr(b)(7) is deferential, reasonable and does not undermine the purpose of the Medicare statute (*see id*. at 5-13); (4) Plaintiff does not, and could not, claim to have been prejudiced by the Intermediary's notification of CMS' decision on the sixty-fourth working day after is request for a payment rate exception was filed with the Intermediary (*see id.* at 13); and (5) "FOIA is irrelevant to the legal question before this Court[.]" *Id*. at 14. Defendant contends that "there is not a genuine issue of material fact: as a matter of law, the Secretary's actions were not arbitrary or capricious or an abuse of discretion[,]" and that "his interpretation of the Medicare statute was reasonable and should be upheld." *Id*. at 9-10.

In its reply to Defendant's opposition, and opposition to Defendant's motion for summary judgment, Plaintiff maintains that its request for payment rate exception should be deemed approved. Plaintiff asserts that the Secretary's September 21, 2001 denial of its request for payment rate exception was not final because "the intermediary did not furnish notification of the Secretary's disapproval until after the 60 working day period." *See* Plaintiff's Reply Memorandum in Support of Plaintiffs' [sic] Motion for Summary Judgment and in Opposition to Defendant's Cross-Motion for Summary Judgment ("Plaintiff's Response") (Document Nos. 18, 19) at 2-3; *see also id*. at 2 ("[T]he Secretary's notification to the intermediary [of its decision] within the 60 day period was in reality nothing more than providing notification to itself."); *see also id*. at 3 ("[T]he September 21, 2001 denial letter did not become effective merely by virtue of being communicated to the intermediary within the 60 working day period."). Plaintiff asserts that "[u]nder FOIA, a 'final opinion' or 'order' cannot be 'used' or 'relied on' until the agency has either (a) placed a copy of the denial letter in the agency's electronic reading room, or (b) provided a copy of the denial letter to [Plaintiff]." *Id*. at 8. Plaintiff maintains that "the

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                          9

[CMS] September 21, 2001 denial [letter] was a 'final opinion' or 'order' within the context of the FOIA[.]"[8]  *Id*.

Defendant, in his reply, maintained that his interpretation of 42 U.S.C. § 1395rr(b)(7) is entitled to deference by the court and is within the bounds of reasonable interpretation.  *See* Defendant's Reply to Plaintiffs' [sic] Opposition to Defendant's Motion for Summary Judgment ("Defendant's Reply") (Document No. 22) at 1-7.  Defendant further maintains that consideration of notice requirements under FOIA is irrelevant to the issue before the court because "Plaintiff has brought a claim pursuant to the Medicare statute, 42 U.S.C. § 1395oo(f)(1), not FOIA[,]" and the "relief which Plaintiff seeks is in no way connected to the relief which may be afforded under FOIA."  *See id*. at 8-9.

**III.  STANDARD OF REVIEW**

*(A)  Motions for summary judgment*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.*  In considering a motion for summary judgment, all evidence and

---

[8] Plaintiff "acknowledges [the] inconsistency between its assertion that the denial letter dated September 21, 2001 was not final, and its assertion that the denial letter constituted a 'final opinion' or 'order' within the context of FOIA."  Plaintiff's Response at 8, n.2.  Plaintiff contends that its alternative arguments will lead to the same conclusion.  *See id*.  ("[U]nder either legal theory, the denial letters were not effective as of September  21[, 2001]."

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                                                            10

inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Additionally, 'in ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed.'" *American Cargo Transport, Inc. v. Natsios*, 429 F. Supp. 2d 139, 145 (D.D.C. 2006) (quoting *Petchem, Inc. v. United States,* 99 F. Supp. 2d 50, 54 (D.D.C. 2000)) (citations omitted).

   *(B) Judicial Review of Secretary's decision pursuant to the Administrative Procedure Act*

   Judicial review of Medicare reimbursement disputes is governed by the standards set forth in the Administrative Procedure Act ("APA"). 42 U.S.C. § 1395oo(f)(1); *see also* 5 U.S.C. § 706. To the extent necessary, "the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. Further, "[t]he reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be without observance of procedure required by law, unsupported by substantial evidence, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). "Generally, an agency's decision is arbitrary and capricious 'if the agency . . . entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Johnson v. U.S. Dep't of Educ.*, 580 F. Supp. 2d 154, 157 (D.D.C. 2008) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                                           11

U.S. 29, 43 (1983)) (internal citations omitted). "As long as an agency has examined the relevant data and articulated a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made, courts will not disturb the agency's action." *Heartland Reg'l Med. Ctr. v. Leavitt,* 511 F. Supp. 2d 46, 51 (D.D.C. 2007) (citing *Motor Veh. Mfrs. Ass'n,* 463 U.S. at 43).   The scope of review of an agency decision is narrow, under the arbitrary and capricious standard, and a federal court is not to substitute its judgment for that of the agency.  *See Orion Reserves Ltd. P'ship v. Salazar*, 553 F.3d 697, 706 (D.C. Cir. 2009) (citations omitted).  When reviewing an administrative decision, "the burden of showing that the agency action violates the APA standards falls on the provider."  *Heartland*, 511 F. Supp. 2d at 51(citing *Diplomat Lakewood Inc., v. Harris*, 613 F.2d 1009, 1018 (D.C. Cir. 1979)) (citation omitted).

"The Supreme Court set forth a two-step approach to determine whether an agency's interpretation of a statute is valid under the APA. *Quantum Entertainment, Ltd v. U.S. Dep't of the Interior*, No. CIV.A.07-1295, 2009 WL 401871, at *4 (D.D.C. Feb. 19, 2009) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837 (1984)). Application of the "*Chevron* deference" standard "requires the court to first look to 'whether Congress has spoken to the precise question at issue.' If so, the court ends its inquiry.  But, if the statute is ambiguous or silent, the second step requires the court to defer to the agency's position, as long as it is 'based on a permissible construction of the statute.'" *Id*.  (internal citation omitted).  The Secretary's interpretation of his own regulations is entitled to "substantial deference[,]" and "must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (citation omitted).

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                                                    12

"Where the regulations involve a complex, highly technical regulatory program such as Medicare, broad deference is 'all the more warranted.'" *St. Anthony's Health Ctr. v. Leavitt,* 579 F. Supp. 2d 115, 119 (D.D.C. 2008) (quoting *Thomas Jefferson Univ.,* 512 U.S. at 512) (internal quotations omitted).

## IV.  DISCUSSION

*(A) The Administrator's interpretation of the applicable statute and regulation was reasonable*

Plaintiff, in the memorandum in support of its motion for summary judgment, states that it "challenges the denial of its request for an exception to the Medicare prospectively determined payment rate for dialysis treatments[,]" and maintains that such denial "constituted arbitrary and capricious agency action in violation of the [APA]." Plaintiff's Memorandum at 1.  However, Plaintiff does not seek judicial review of the merits of the determination to deny its request for an exception; rather, Plaintiff casts the issue presented as "[s]hould the exception request have been deemed approved pursuant to 42 U.S.C. § 1395rr(b)(7)?" *Id*. at 5; *see also* Complaint, ¶ 29 ("The exception request submitted by Plaintiff should have been approved based upon Defendant's failure to provide notice of its disapproval to Plaintiff within the 60 working day period prescribed by 42 U.S.C. § 1395rr(b)(7).").

Defendant contends that "there is not a genuine issue of material fact: as a matter of law, the Secretary's actions were not arbitrary or capricious or an abuse of discretion[,]" and that "his interpretation of the Medicare statute was reasonable and should be upheld." Defendant's Memorandum at 9-10.  Additionally, Defendant asserts that "Plaintiff's request was timely disapproved by the September 21, 2001 letter." *Id*. at 10.

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                    13

In pertinent part, the Medicare Act provides that

> [e]ach application for . . . an exception shall be deemed to be approved unless the Secretary disapproves it by not later than 60 working days after the date the application is filed.

42 U.S.C. § 1395rr(b)(7). The implementing regulation is markedly similar. *See* 42 C.F.R § 413.180(h) ("An exception request is deemed approved unless it is disapproved within 60 working days after it is filed with its intermediary."). In reversing the Board's decision that Plaintiff's request for payment rate exception was "deemed approved" by the failure of CMS to provide notification to the Plaintiff of its determination, the Administrator found that a proper interpretation of 42 U.S.C. § 1395rr(b)(7) is that by its terms "[t]he statute does not require that the Provider receive the disapproval, or have notice of the disapproval, within [the] statutory time period." A.R. 6. Moreover, the Administrator found that "the plain language of the statute using the word "disapproves" requires that CMS render the disapproval of the ESRD exception request within the 60-working day statutory period." *Id*. The Administrator concluded that the "key word in [the statute] is 'disapproves,' which is defined in ordinary use as, 'to refuse to approve; reject.'" *Id*.

For the reasons detailed below, the undersigned finds that Defendant's interpretation of the 42 U.S.C. § 1395rr(b)(7) is reasonable and warrants deference by the court.

The undersigned finds that the Secretary's decision is indeed consistent with the applicable statute and regulation. The Supreme Court has explained that "[i]n interpreting a statute a court should always turn to one cardinal canon before all others. . . . [C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). The Medicare statute

controverted in the instant action requires only that the Secretary make a determination within the prescribed sixty-working day period regarding "each application for . . . an exception" to the "method (or methods)" used for "the prospective determination of a rate (or rates)" which determine the amounts of payment to be made for dialysis services. *See* 42 U.S.C. § 1395rr(b)(7) (2001). The language of the statute is plain and unambiguous; it admits no more than one meaning of what is required of the Secretary with respect to the sixty-working day period.[9] There is no authority for the proposition asserted by Plaintiff that a request for payment rate exception should be deemed approved where as here, the Secretary notified the Intermediary of its determination on September 21, 2001, within the sixty-working day period. Thus, "[w]hen the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Connecticut Nat'l Bank*, 503 U.S. at 254. Neither the statute, nor implementing regulation require notification to the Provider. *See id.*; *see also* 42 C.F.R § 413.180(h) (2001).

Additionally, the undersigned finds the Administrator's decision is reasonable and supported by the following undisputed facts. Plaintiff timely submitted a request for payment rate exception to the Intermediary on July 2, 2001 (*see* A.R. 3, 22, 925); the sixtieth working day from July 2, 2001 was September 25, 2001 (A.R. 3, 63-65); CMS made a determination to deny Plaintiff's request for a payment rate exception (A.R. 205) and notified the Intermediary, by letter dated September 21, 2001, of its determination (A.R. 202-05, 893); and the Intermediary, in a letter dated October 1, 2001, notified Plaintiff of CMS's decision to deny Plaintiff's request for a payment rate exception. A.R. 206; *see also* A.R. 2-7.

---

[9] Further, the undersigned observes that Plaintiff did not dispute that Congress explicitly addressed the time of notice to providers elsewhere in the Medicare statute. *See* 42 U.S.C. § 1395oo(f)(1) ("A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision.")

Assuming, *arguendo*, that the relevant statute is ambiguous, as Defendant candidly suggests (*see* Defendant's Memorandum at 12 ("Because the statute does not speak directly to when the provider must be given notice of the disapproval, it is ambiguous in this respect."); *see also* Plaintiff's Response at 6), consideration of the legislative history supports the Administrator's permissible construction of the statute. The language in the controverted statute was not codified in the Act until 1986 as part of the Omnibus Budget Reconciliation Act of 1986. *See* House Report No. 99-727 at 76 (1986), *Reprinted* in 1986 U.S.C.C.A.N. 3607, 3666, 3851. The Committee Report explained the Legislators desire to "amend the [applicable] statute to require prompter consideration of requests for exceptions from . . . dialysis rates[,]" (*id*. at 3666) in light of "complaints . . . received . . . that determinations [of the Secretary with respect to requests for payment rate exception] are long delayed." *Id*. The Committee Report was notably silent on the issue of providing notification to the Provider within the time period afforded for the Secretary to make its determination. The undersigned finds that the amendment was intended to generate urgency within the Secretary to make prompt determinations with respect to a Provider's request for payment rate exception, so that the Secretary would not languish on its duties and obligations to timely consider the requests of the reports.

Thus, in the instant action, the Administrator's interpretation of the applicable statute and the implementing regulation was reasonable and was not inconsistent with Congressional intent. "So long as an agency's interpretation of ambiguous regulatory language is reasonable, it should be given effect." *Heartland*, 511 F. Supp. 2d at 51(citing *Wyo. Outdoor Council v. United States Forest Serv.,* 165 F.3d 43, 52 (D.C. Cir. 1999)). Further, "[w]here the regulations involve a complex, highly technical regulatory program such as Medicare, broad deference is all the more

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                                                16

warranted." *Id*. (citing *Thomas Jefferson Univ.,* 512 U.S. at 512).

      *(B) The requirements of the Freedom of Information Act are immaterial to the issue before the court*

      Plaintiff contends that the September 21, 2001 denial letters [sic] "were [sic] subject to the indexing and disclosure requirements of 5 U.S.C. § 552(a)(2)(A) [of the Freedom of Information Act ("FOIA")][,]" but "was not indexed or published in the publication known as CMS Rulings[.]" *See* Plaintiff's Memorandum at 11. Further, Plaintiff contends that because CMS failed to index or publish its September 21, 2001 denial letter in the publication known as CMS Rulings, the denial letter "could not have been '*relied on*' or '*used*' against Gundersen until such time as the latter received '*actual*' notice thereof."[10] *Id*. at 11-12. Defendant maintains that "FOIA is irrelevant to the legal question before this Court[,]" and that "the timeliness of ESRD exception request denials is to be determined pursuant to the Medicare statute, not FOIA." Defendant's Memorandum at 14. Defendant further maintains that "[t]he Secretary complied with the Medicare statute because he disapproved the exception request within sixty working days[,]" and "FOIA cannot be read to . . . impose a stricter deadline for agency action than the Medicare statute itself." *Id*.

      The undersigned finds that Plaintiff's invocation of FOIA is entirely misplaced.[11] FOIA is an enactment which "requires agencies of the federal government to release records to the public upon request, unless one of nine statutory exemptions applies." *Moore v. Bush*, No.

---

[10] Plaintiff sought "supplemental briefing" on this issue in Plaintiff's Motion for Leave to File Surreply (Document No. 23). On March 5, 2009, the undersigned denied Plaintiff's motion. *See* March 5, 2009 Minute Order.

[11] *See* n.10, *supra*.

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                     17

CIV.A.07-107, 2009 WL 504623, at *7 (D.D.C. Feb. 23, 2009); *see also Ubunger v. U.S. Citizenship and Immigration Services*, No. CIV.A.08-673, 2009 WL 504680, at *3 (D.D.C. Mar. 2, 2009) ("FOIA provides public access to government records as a means for exposing and examining government conduct[.]").  No authority supports the proposition that an agency's compliance–or lack thereof–with any "indexing and disclosure requirements of [FOIA]" (*see* Plaintiff's Memorandum at 11) is either relevant or material to a request for APA review of a final agency decision.

## V.  CONCLUSION

For the foregoing reasons, the undersigned finds that (1) Defendant made a determination with respect to Plaintiff's request for payment rate exception prior to the expiration of the prescribed 60-working day time period; (2) no authority supports the proposition advanced by Plaintiff that the request should have been "deemed approved" merely because the Intermediary did not advise Plaintiff of the timely denial of the request for payment rate exception until four working days later; and (3) any "indexing and disclosure requirements" of the Freedom of Information Act are neither relevant nor material to any of the issues presented in this action.  It is, therefore, this 9th day of March, 2009,

**RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Document No. 12) be **DENIED**; and it is

Gundersen Lutheran Medical Center, Inc. v. Johnson                                                                 18

**FURTHER RECOMMENDED** that Defendant's Motion for Summary Judgment (Document No. 15) be **GRANTED**.

_____/S/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

**Within ten days of the filing of the instant report and recommendation, either party may file written objections.  Such objections shall identify with specificity the portions of the findings and recommendations to which objection is made, and the basis for the objection.  In the absence of timely objections, further review of issues addressed herein may be deemed waived.**